[No. B003825. Second Dist., Div. Six. Jan. 9, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
WILBUR FRED MILLS, Defendant and Respondent.

## COUNSEL

John K. Van de Kamp, Attorney General, William R. Weisman and Frederick Grab, Deputy Attorneys General, for Plaintiff and Appellant.

Orlan Donley and Donley & McKenzie for Defendant and Respondent.

## OPINION

ABBE, J.—This is a People's appeal pursuant to Penal Code section 1238, subdivision (a)(8)[1] following a dismissal pursuant to section 1385. The dismissal was based on the People's announced inability to proceed to trial after the court's suppression of the respondent's intoxilyzer breath test results. The issues are whether the People have a right to appeal and, if so, whether the court erred in suppressing the breath test results because the police officers did not advise respondent that no sample would be retained for independent analysis if he chose a breath rather than blood or urine test. We find in the affirmative on both issues and reverse.

Prior to the commencement of jury selection, respondent moved to suppress the results of his June 3, 1983 breath test following his arrest. Respondent was charged with violations of Vehicle Code section 23153, subdivisions (a) and (b), driving under the influence and with an excessive blood alcohol proximately causing injury. The basis for the motion were claimed violations of his constitutional rights to due process and equal protection as a result of the intoxilyzer's failure to collect and preserve a sample of breath for independent testing. The motion was granted but not on those grounds. The trial court held that failure to advise respondent there would be no preserved sample of a breath test violated his due process rights under *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], and required suppression of the breath test results.

Following the court's ruling the People requested a reasonable continuance to seek appellate review of the suppression order. The court denied the continuance on the grounds that the motion to suppress was nonstatutory and therefore the People had no right to appellate review as they would under section 1538.5, subdivision (o) had the motion been based on the Fourth Amendment. (See *People* v. *Superior Court (Zolnay)* (1975) 15 Cal.3d 729 [125 Cal.Rptr. 798, 542 P.2d 1390].)

---

[1]All statutory references are to the Penal Code unless otherwise stated.

■ The People, prior to the motion for continuance, and, after it was denied, advised the court they were unable to proceed to trial in the absence of the suppressed evidence. Additionally they advised the court they wished to seek appellate review under section 1238, subdivision (a)(7) or (a)(8). While the minute order indicates the dismissal is on motion of the People, it further indicates it is based on section 1385 and 1238 and is based on the inability and refusal of the People to proceed to trial.

A review of the transcript of the proceedings leading up to the dismissal indicates the minute order conclusion the section 1385 dismissal was on motion of the People is not accurate. The lengthy colloquy between the court and the prosecutor set forth in the transcript[2] is best characterized as a request the court dismiss the action in the interests of justice on its own motion to enable the People to seek appellate review of the order suppressing evidence under section 1238, subdivision (a)(8).

A procedure very similar to this has been recommended by the Supreme Court following an order granting a defendant's superior court motion to suppress under section 1538.5. (See *People* v. *Laiwa* (1983) 34 Cal.3d 711, 722 [195 Cal.Rptr. 503, 669 P.2d 1278].) For the reasons stated in that opinion, such a dismissal upon the court's own motion following a nonstatutory grant of suppression is permissible here. It is therefore unnecessary to decide whether the People may move for a dismissal under section 1385 and thereafter appeal therefrom to reach the merits of the underlying order suppressing evidence on grounds other than those permissible under a section 1538.5 motion. (Cf. *People* v. *Caserta* (1971) 14 Cal.App.3d 484 [92 Cal.Rptr. 382] with *People* v. *Dewberry* (1974) 40 Cal.App.3d 175 [114 Cal.Rptr. 815] and *People* v. *Bradley* (1984) 159 Cal.App.3d 399, 403-404, fns. 1 and 2 [205 Cal.Rptr. 485].

It is clear the People's inability to proceed was due to the order suppressing evidence. Therefore, the merits of the basis for the section 1385 dismissal are cognizable on this appeal under section 1238, subdivision (a)(8). (See *People* v. *Smith, supra,* 33 Cal.3d 596; *Bellizzi* v. *Superior Court* (1974) 12 Cal.3d 33, 37, fn. 3 [115 Cal.Rptr. 52, 524 P.2d 148]; *People* v. *Watson* (1983) 146 Cal.App.3d 12 [193 Cal.Rptr. 849].)

Prior to the hearing on the motion to suppress the court accepted a stipulation from the parties to the following material facts: The respondent was a police officer trained and certified in the operation of the intoxilyzer used

---

[2]The transcript being the more complete and accurate of the two records in this instance, and there being a conflict between them, the transcript should prevail. (See *People* v. *Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152].)

to obtain his breath sample. He was advised pursuant to Vehicle Code section 13353 that he had a choice of tests and chose the breath test. He was not told the intoxilyzer did not preserve a sample for retesting. The intoxilyzer on which he was tested and all other breath testing equipment in the county did not provide samples of breath for retesting. It was shown by the evidence that blood and urine samples are retained and available for retesting (if samples thereof are provided) when an arrestee has chosen either of those tests. The parties further agreed, subject to all appropriate appellate review, to be bound by the court's pretrial ruling at trial.

 As noted above, the court suppressed the evidence of the breath test results ruling the failure to advise respondent that taking a breath test, unlike a blood or urine test, would result in the absence of a sample subject to retesting. The court's reliance on *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], is misplaced. That case did not deal with the question of when and whether the police have an obligation to advise an arrestee of rights or consequences. *Hitch* imposed a due process obligation upon police officers to preserve evidence in their possession under certain circumstances.

It is now settled that the federal due process clause does not require the collection and retention of breath samples for independent testing when the intoxilyzer is used for blood alcohol analysis of breath. (*California* v. *Trombetta* (1984) 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528] revg. *People* v. *Trombetta* (1983) 142 Cal.App.3d 138, 143 [190 Cal.Rptr. 319].) Neither *Hitch* nor *Trombetta* decided whether the police have a duty to advise arrestees choosing a breath test that no sample will be collected and retained for independent testing.

We note that effective September 15, 1983, as an urgency measure, Vehicle Code section 13353.5, subdivision (a) requires ". . . a person who chooses to submit to a breath test shall be advised before or after the test that the breath-testing equipment does not retain any sample of the breath and that no breath sample will be available after the test which could be analyzed later by the person or any other person." Subdivision (b) requires the person also be advised he or she has the opportunity to select an additional test of his or her blood or urine which will be retained and available for independent testing. Since these advisements clearly must be given contemporaneously with the test or tests, it has no applicability to tests, like the one here, occurring prior to its effective date. (Also see Veh. Code, § 6.) Therefore the section has no effect on the case before us.

Our determination that the officer had no duty to advise respondent who chose a breath test that no sample would be retained as a condition precedent

to admitting the results into evidence is based on several well-settled principles. ■ The state may constitutionally compel a blood test over objection of one lawfully arrested for driving under the influence of alcohol and use the results as evidence against him at trial. (*Schmerber* v. *California* (1966) 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826].) Such compulsion does not violate the arrestee's Fourth Amendment rights to be free of unlawful searches and seizures nor compel him to be a witness against himself in violation of the Fifth Amendment. (*Ibid.*) ■ Advisement by a law enforcement officer that one has the right to refuse a consent to search is unnecessary to a valid consent (*Schneckloth* v. *Bustamonte* (1973) 412 U.S. 218, 231-233 [36 L.Ed.2d 854, 865-866, 93 S.Ct. 2041]; accord *People* v. *Duren* (1973) 9 Cal.3d 218, 241 [107 Cal.Rptr. 157, 507 P.2d 1365]) even when the person consenting is in custody when the consent is given. (*United States* v. *Watson* (1976) 423 U.S. 411, 424-425 [46 L.Ed.2d 598, 609-610, 96 S.Ct. 820].)

■ It has also been held law enforcement officers do not have to advise a suspect that blood alcohol test results or a refusal to take a blood alcohol test will be admissible against him or her at trial in order for the results to be admissible, i.e., it is not fundamentally unfair to use the test results or refusal as evidence of guilt even though no specific warning of this consequence was given to the accused. (*South Dakota* v. *Neville* (1983) 459 U.S. 553, 565-566 [74 L.Ed.2d 748, 759-760, 103 S.Ct. 916].)

■ The advisement the court here required as a condition precedent to the admissibility of the breath test results is without constitutional necessity. The court apparently concluded such advisement would be necessary in order for the choice of a breath test to be a knowing and intelligent waiver of the right to preserved evidence. As noted above, the United States Supreme Court has subsequently determined that the state does not violate due process when it fails to preserve a sample of breath for independent testing. The results of a breath test are admissible even if the breath sample is destroyed. (*California* v. *Trombetta, supra,* 467 U.S. 479.) Therefore, respondent had no constitutional right to a preserved sample which was waived by choosing a breath sample.

■ "Almost without exception, the requirement of a knowing and intelligent waiver has been applied only to those rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial. [Fn. omitted.]" (*Schneckloth* v. *Bustamonte, supra,* 412 U.S. 218, 237 [36 L.Ed.2d 854, 868].) ■ If preservation of a sample for possible impeachment of results is not necessary to a fair trial as determined in *California* v. *Trombetta, supra,* a knowing waiver of a preserved sample is likewise unnecessary.

The test chosen by appellant on a machine with which he is familiar has not been shown to be less reliable than the optional tests he did not choose. As pointed out by the Supreme Court, he remains free to impeach the results of the test by other reasonably available means. (See *California* v. *Trombetta, supra,* 467 U.S. 479, — [81 L.Ed.2d 413, 422-423].) Therefore the court erred in suppressing the evidence of the results of respondent's breath test.

The judgment is reversed.

Stone, P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied February 4, 1985, and appellant's petition for a hearing by the Supreme Court was denied March 21, 1985.