Opinion
SOVEN, J.
The People filed a two-count complaint charging defendant with violations of Vehicle Code sections 23152, subdivision (a) (count I) and 23152, subdivision (b) (count II). The trial court granted defendant’s motion to suppress the results of a breath test because the arresting officer failed to comply with Vehicle Code section 13353.5 (now § 23157.5).
The People announced that they were unable to proceed on count II, which the court then dismissed “due to insufficient evidence.” Count I, however, remains in the trial court awaiting trial. The People, relying on Penal Code section 1466, subdivision (a)(1), appeal from the order dismissing count II. We reverse.
Discussion

Appealability.

Defendant contends that the order of dismissal as to count II is nonappealable. We disagree. Even though defendant’s motion was a non-statutory motion to suppress evidence, the resulting dismissal is appealable. (People v. Mills (1985) 164 Cal.App.3d 652, 655 [210 Cal.Rptr. 669]; People v. Dewberry (1974) 40 Cal.App.3d 175, 182 [114 Cal.Rptr. 815]; see People v. Harris (1976) 62 Cal.App.3d 859, 861-862 [133 Cal.Rptr. 352]; contra, People v. Rawlings (1974) 42 Cal.App.3d 952, 956 [117 Cal.Rptr. 651].) That another count is still pending does not affect the People’s right to appeal. (People v. Agnello (1968) 259 Cal.App.2d 785, 789 [66 Cal.Rptr. 571]; see also People v. Davis (1979) 94 Cal.App.3d 215, 220 [156 Cal.Rptr. 395].)

Suppression of Test Results.

The People contend that the trial court erred in suppressing the breath test results. We agree. Vehicle Code section 13353.5 then provided:
*Supp. 4 “(a). . . [A] person who chooses to submit to a breath test shall be advised before or after the test that the breath-testing equipment does not retain any sample of the breath and that no breath sample will be available after the test which could be analyzed later. . . .
“(b) The person shall also be advised that, because no breath sample is retained, the person will be given an opportunity to provide a blood or urine sample ... so that there will be something retained that may be subsequently analyzed . . . -”[1]
Defendant in this case was advised when he was arrested that he was required to submit to one of three tests, but was not fully advised as required by section 13353.5.[2]
The trial court, however, erred in suppressing the evidence. We agree with the reasoning and the result in People v. Lyon (1985) 171 Cal.App.3d Supp. 20, 22-24 [218 Cal.Rptr. 290]: “Vehicle Code section 13353.5 was enacted as an urgency statute effective September 15, 1983, in response to People v. Trombetta (1983) 142 Cal.App.3d 138 [190 Cal.Rptr. 319], which held at page 144 ‘Due process demands simply that where evidence is collected by the state, as it is with the intoxilyzer, or any other breath testing device, law enforcement agencies must establish and follow rigorous and systematic procedures to preserve the captured evidence or its equivalent for the use of the defendant.’
“California Constitution, article I, section 28, subdivision (d), was enacted by the people as a portion of Proposition 8 on June 8, 1982 and provides inter alia, ‘. . . relevant evidence shall not be excluded in any criminal proceedings, including pretrial . . . motions. . . .’ Article I, section 28, subdivision (d), eliminated ‘a judicially created remedy for violations of the search and seizure provisions of the federal or state Constitutions, . . . except to the extent that exclusion remains federally compelled. ’ (In re Lance W. (1985) 37 Cal.3d 873 at pp. 886-887 [210 Cal.Rptr. 631, 694 P.2d 744], latter italics added.)
“In 1984 the United States Supreme Court reversed the Trombetta case, holding ‘that the Due Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve breath samples in order to introduce breath-analyses tests at trial.’ (California v. Trombetta *Supp. 5 (1984) 467 U.S. 479, at p. 491 [81 L.Ed.2d 413 at p. 423, 104 S.Ct. 2528].) The court held that the process is not fundamentally unfair since defendants are not ‘without alternative means of demonstrating their innocence,’ by way of impeaching the accuracy of the intoxilyzer. (Id., at p. 491 [81 L.Ed.2d at p. 423].) ‘The evidence to be presented at trial was not the breath itself but rather the [i]ntoxilyzer results obtained from the breath samples.’ (Id., at p. 488 [81 L.Ed.2d at p. 421].)
“Appellant argues that states are free to set a more stringent due process standard and that California has done so by the enactment of Vehicle Code section 13353.5. The statute’s language is phrased as a mandatory procedure by the operative word ‘ shall. ’ Courts will ordinarily refuse to construe the plain meaning of statutes. Nevertheless, it is well settled that courts decline ‘to follow the plain meaning of a statute . . . when it would inevitably have frustrated the manifest purposes of the legislation as a whole or led to absurd results.’ (People v. Belled (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].)
“It is clear that the Legislature did not intend the statute to raise additional barriers to the admissibility of intoxilyzer testing. The constitutional provision of article I, section 28, subdivision (d), clearly prohibits the exclusion of evidence beyond that required by the supremacy clause of the United States Constitution. (California v. Trombetta, supra, 467 U.S. 479; In re Lance W., supra, 37 Cal.3d 873; see also People v. Mills (1985) 164 Cal.App.3d 652 [210 Cal.Rptr. 669]; and People v. Brannon (1973) 32 Cal.App.3d 971 [108 Cal.Rptr. 520].)
“Whefi viewed in the light of California Constitution, article I, section 8, subdivision (d), and the legislative history of Vehicle Code section 13353.5, it is clear that Vehicle Code section 13353.5 does not have the effect of setting, a due process standard higher than that of the federal Constitution. Since the breath test itself was legally obtained, the appellant has shown no due process violation requiring the prophylactic remedy of the exclusionary rule. The trial court properly denied appellant’s motion to suppress.”
Although a defendant is not entitled to a suppression order where the People have not complied with section 13353.5 (§ 23157.5), a defendant who submits to a breath test and does not also submit a sample of blood or urine is not without a remedy. Evidence that the officer failed to comply with the law would be admissible, and the defendant would be entitled to a jury instruction, advising the jury of the provisions of section 13353.5 (§ 23157.5), and permitting the jury to consider the officer’s failure to advise the defendant of his rights as a factor bearing on the credibility of
*Supp. 6 the officer and the accuracy of the breath test administered by the officer or at his direction.
In this case, there has not yet been a trial. The court erred in suppressing the test results.
The judgment (order of dismissal) is reversed.
Cooperman, P. J., and Reese, J., concurred.

Section 13353.5 was amended and renumbered as Vehicle Code section 23157.5. (Stats. 1985, ch. 735, § 3.)

Defendant was in fact advised in writing that if he took “a blood or urine test, a sample can be saved for my use,” and “if I take the breath test, a sample will not be saved and I or my attorney will not have a breath sample to test. ...”