[No. A034731. First Dist., Div. Five. Feb. 27, 1987.]

In re CHERYL S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
CHERYL S., Defendant and Respondent.

COUNSEL

John K. Van de Kamp, Attorney General, Ronald E. Niver and Morris Beatus, Deputy Attorneys General, for Plaintiff and Appellant.

J. Thomas Sherrod and Mark Cohen for Defendant and Respondent.

OPINION

LOW, P. J.—The People appeal from an order by the juvenile court dismissing a petition for wardship (Welf. & Inst. Code, § 602) after suppressing the results of a "breath test." The juvenile court ruled that "fundamental fairness" dictated the testing officer advise the minor, before taking the breath test, that the breath sample would not be preserved. We reverse.

On September 19, 1985, Cheryl S., a minor, was observed driving erratically. A traffic stop was effected and the officer smelled alcohol when the

minor rolled down the window. The minor was asked to submit to a field sobriety test, which she failed. She was placed in a police car and advised that she was required, under Vehicle Code section 23157 (former § 13353), to give a chemical test of her blood, breath or urine. The minor wanted to take the urine test, but could not provide a urine sample. The officer advised her that she must take the blood or breath test. She asked to take a breath test, but also inquired as to the location of where a blood test would be taken, to which the officer responded that she would have to go to the hospital.

The minor completed the breath test, which indicated that she had a blood alcohol content above the .10 percent legal limit. (Veh. Code, § 23152.) After the test, the officer advised the minor, in accordance with Vehicle Code section 23157.5 (former § 13353.5), that he could not preserve a sample of her breath, but that she had the opportunity to provide a blood or urine sample for subsequent analysis. The minor waived her right to preserve a sample.

The minor does not challenge the validity of the breath test in its administration or result. Nor does the minor challenge whether the officer complied with the literal terms of the law requiring the necessary advisements for a breath test. The minor does not allege nor did the referee conclude that any coercion was involved in the minor foregoing the blood test.

■ The referee applied an erroneous legal standard when he suppressed the admissibility of the breath test. No due process or fundamental fairness concerns are implicated when a state fails to preserve a nonexculpatory breath sample for independent testing. (*California* v. *Trombetta* (1984) 467 U.S. 479 [81 L.Ed.2d 413, 104 S.Ct. 2528].) If there is no constitutional right attached to this evidence, there is no constitutional duty to advise the suspect at any point in the procedure that the test is not preservable. (*People* v. *Mills* (1985) 164 Cal.App.3d 652, 657 [210 Cal.Rptr. 669].)

■ The Legislature may constitutionally condition the right to drive, as it has done in California, upon compliance with laws that allow the state to compel a person suspected of drunk driving to submit to a blood alcohol test. (See generally, *Schmerber* v. *California* (1966) 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826].) The state need not inform the suspect that refusal to take the test may be admissible against him at trial. (*South Dakota* v. *Neville* (1983) 459 U.S. 553, 565-566 [74 L.Ed.2d 748, 759-760, 103 S.Ct. 916].) California has chosen by statute to apprise the suspect of these conditions when a traffic stop is effected and gives the suspect a choice of blood alcohol tests and the opportunity to preserve a blood or urine sample for further testing to contest a positive breath test result. (Veh. Code, §§ 23157, 23157.5.) ■ These rights are statutory only; so long as there is compli-

ance with the statute, fairness and due process are satisfied. ▮ Vehicle Code section 23157.5, subdivision (a) states, in part, that "a person who chooses to submit to a breath test shall be advised *before or after* the test that the breath-testing equipment does not retain any sample of the breath." (Italics added.) If the advisement must or should be given before any selection of tests, that request should be addressed to the Legislature for change.

The minor elected the breath test, was subsequently informed of her rights to a preserved blood sample and effected a voluntary choice of tests. The officer acted in total compliance with the mandates of Vehicle Code sections 23157 and 23157.5. Accordingly, the referee was in error in suppressing the breath test results, and the order dismissing the petition for wardship is reversed. The case is remanded to the juvenile court for further proceedings.

King, J., and Haning, J., concurred.