[No. A049480. First Dist., Div. Four. Jan. 30, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
VINCE YARBROUGH, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976(d), this opinion is certified for publication with the exception of parts IIB and IIC.

**COUNSEL**

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Stan M. Helfman and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Appellant.

Lawrence A. Gibbs, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**POCHÉ, Acting P. J.**—The People appeal pursuant to Penal Code section 1238, subdivision (a)(8),[1] from a pretrial order of dismissal (§ 1385, subd. (a)) in this case charging defendant Vince Yarbrough with one count of robbery of Grace Bacud (§ 211). At issue are the appealability of the order of dismissal, the reviewability of evidentiary rulings preceding the dismissal, and whether the trial court correctly resolved the evidentiary questions before it. We find appellate jurisdiction, reach the merits of the controversy and reverse.

## I. BACKGROUND

Immediately before the selection of the jury, the trial court entertained defendant's oral common law motion to suppress the victim's in-court identification. The ground asserted was that any in-court identification by the victim would be the product of an unduly suggestive photographic lineup

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

and an illegal prearrest showup held in the absence of counsel. The only evidence presented at the hearing was the testimony of Police Officer Matthew Meredith concerning the lineup and the showup. He recited the following details:

The robbery occurred on November 4, 1989. Twenty-five days later, Meredith went to Bacud's house with a photographic lineup. Bacud chose defendant's photograph stating, according to Meredith, that "[s]he was fairly sure that he was the person and that she'd like to look at him in person and she'd be sure."

Later that evening, Meredith spotted defendant and a man named Jenkins in the parking lot of a bank, apparently the site of the robbery. Meredith directed another police officer, Officer Moore, to detain defendant and directed defendant to " 'stay here with Officer Moore.' " Meredith returned to the victim's house to transport her to the bank. At that time Bacud told Meredith that "she was sure that the photo that she pointed out . . . was him."

When Meredith and Bacud arrived at the bank, Jenkins walked away from Officer Moore and defendant. Bacud looked first at Jenkins and said " 'No. No. That's not the person.' " As they "continued down the street" Bacud saw defendant and said, " 'That's the guy. I'm positive he's the guy in the photograph.' "

The trial court found the showup violative of the defendant's right to the assistance of counsel, citing *People* v. *Rodriguez* (1970) 10 Cal.App.3d 18 [88 Cal.Rptr. 789], and that any in-court identification would be "irrevocably tainted by the unlawful, untimely field identification performed without the benefit of counsel."

While the court rejected the claim that the photographic lineup was unduly suggestive, it did rule that Bacud could not testify as to identification of defendant in the photographic lineup because such evidence did not meet the foundational requirement of freshness under Evidence Code section 1238. When the People informed the court that they could not proceed without the identification evidence, the court ordered the case dismissed, commenting, "I will dismiss this case thereby reserving to the people the right to appeal my rulings."

## II. Review

### A. *Appealability and Scope of Review.*

■    Because the People have no right to appeal except as provided for by statute (*People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566

P.2d 622]) we initially address defendant's challenge to the appealability of the trial court's order of dismissal.

The governing authority is section 1238, subdivision (a)(8), which authorizes the People to appeal from "An order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy."

Defendant had not been placed in jeopardy: a jury had not been selected, much less duly impaneled and sworn. (Cf. *Curry* v. *Superior Court* (1970) 2 Cal.3d 707, 712 [87 Cal.Rptr. 361, 470 P.2d 345]; accord *People* v. *Smith* (1983) 33 Cal.3d 596, 600 [189 Cal.Rptr. 862, 659 P.2d 1152].) Nor is there any question that there was an order dismissing the action under section 1385 following the evidentiary hearing and the nonstatutory grant of suppression. Section 1238, subdivision (a)(8) then appears to fit and authorize the People's appeal. (Accord *People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 182 [114 Cal.Rptr. 815]; see also *People* v. *Angeles* (1985) 172 Cal.App.3d 1203, 1209-1211 [218 Cal.Rptr. 756]; *People* v. *Mills* (1985) 164 Cal.App.3d 652, 655 [210 Cal.Rptr. 669]; contra *People* v. *Rawlings* (1974) 42 Cal.App.3d 952 [117 Cal.Rptr. 651].)

On all fours is *People* v. *Dewberry*, *supra*, 40 Cal.App.3d 175. There, like here, the defendant's pretrial motion to suppress an in-court identification by the victim was granted, and the case was subsequently dismissed pursuant to section 1385. The court held that "under the facts of this case, section 1238, subdivision (a)(8) does provide for a review of the trial court's ruling excluding identification testimony before jeopardy attaches when that ruling determines the case and results in a dismissal of the charge." (*Id*. at p. 182, fn. omitted.)

Similarly, in *People* v. *Angeles*, *supra*, 172 Cal.App.3d 1203, 1209-1211, it was held that the People could appeal from a section 1385 dismissal following the granting of a defense nonstatutory motion to suppress custodial statements. Also, in *People* v. *Mills*, *supra*, 164 Cal.App.3d 652, 655, it was held that the People could appeal from a section 1385 dismissal following the granting of a defense nonstatutory motion to suppress the results of a breathalizer test. In each case, the suppression order had followed a pretrial evidentiary hearing and the dismissal had been entered when the People had been unable to proceed to trial without the suppressed evidence. And in each case appeal by the People was held to be proper. (Cf. *People* v. *Angeles*, *supra*, 172 Cal.App.3d at pp. 1209-1211; *People* v. *Mills*, *supra*, 164 Cal.App.3d at pp. 655-656; *People* v. *Dewberry*, *supra*, 40 Cal.App.3d at pp. 182-185.)

The sole contrary case, and the case upon which defendant relies, is *People* v. *Rawlings, supra,* 42 Cal.App.3d 952. There a misdemeanor case was ordered dismissed following pretrial ruling on an informal motion to suppress the results of a gas chromatograph test. Although the prosecution was unable to proceed to trial without that evidence and the trial court had dismissed the action per section 1385, the reviewing court nonetheless held that *an appeal* did not lie: "The right of appeal is purely statutory. The order of 'suppression' was not itself directly appealable as no such appeal is authorized. (Pen. Code, § 1466 [appeals from inferior courts].) There is no statutory provision (except for Pen. Code, § 1538.5) for the obtaining of pretrial rulings on evidentiary questions and the appellate review of such rulings. Neither mandamus nor prohibition will lie to resolve an issue as to admissibility of evidence (*People* v. *Municipal Court (Ahnemann)* (1974) 12 Cal.3d 658[].) The parties may not by agreement or stipulation create an appellate proceeding which is not authorized by statute. While such a procedure may be an improvement over the present system, it is for the Legislature to create and not this court. [¶] We hold that if the parties voluntarily participate in such an informal pretrial proceeding the prosecution in the face of an adverse ruling has two options available: [¶] (1) Proceed to trial and press for a reversal of the ruling by the trial judge, or [¶] (2) Accept the ruling of the trial judge and request a dismissal which would be nonappealable." (*Id.* at p. 959.)

It is not surprising that *Rawlings* has no following on that point of law. The court in *Angeles* attempted to distinguish *Rawlings* on the grounds that there had not been a contested evidentiary hearing preceding the dismissal. (See *People* v. *Angeles, supra,* 172 Cal.App.3d at pp. 1209-1210.) That distinction does not work. The flaw in *Rawlings* is that it is confusing reviewability with appealability. By its very terms, section 1238, subdivision (a)(8) authorizes the People to appeal from a section 1385 dismissal entered prior to the attachment of jeopardy. The cases on this point are legion. (See, e.g., *People* v. *Smith* (1983) 33 Cal.3d 596, 598-601 [189 Cal.Rptr. 862, 659 P.2d 1152]; *Bellizzi* v. *Superior Court* (1974) 12 Cal.3d 33, 37, fn. 3 [115 Cal.Rptr. 52, 524 P.2d 148]; *People* v. *Bradley* (1984) 159 Cal.App.3d 399, 404, fn. 2 [205 Cal.Rptr. 485]; *People* v. *Harris* (1976) 62 Cal.App.3d 859, 861-862 [133 Cal.Rptr. 352].) Appealability does not hinge on what preceded the section 1385 dismissal.

The real question is whether a ruling on an evidentiary issue which results in the People's inability to proceed to trial and leads the trial court to dismiss per section 1385 is reviewable on an appeal by the People. The answer is yes.

We start with the basic "judicially created" rule (see *People* v. *Bloodsaw*▮ (Cal.App.)) that *in limine* rulings are not binding because the trial court has the power to reconsider, modify or set aside its order at any time prior to the submission of the cause. (*People* v. *Campa* (1984) 36 Cal.3d 870, 885-886 [206 Cal.Rptr. 114, 686 P.2d 634] [citing and quoting *People* v. *Beasley* (1967) 250 Cal.App.2d 71, 77 (58 Cal.Rptr. 485)].) For that reason it has been held that where there is an *in limine* ruling that evidence is admissible, the party seeking exclusion must object when the evidence is offered at trial in order to preserve the issue for appeal. (See e.g., *People* v. *Jennings* (1988) 46 Cal.3d 963, 975, fn. 3 [251 Cal.Rptr. 278, 760 P.2d 475]; accord *People* v. *Mattson* (1990) 50 Cal.3d 826, 849-850 [268 Cal.Rptr. 802, 789 P.2d 983]; *People* v. *Turner* (1990) 50 Cal.3d 668, 708 [268 Cal.Rptr. 706, 789 P.2d 887]; *People* v. *Edelbacher* (1989) 47 Cal.3d 983, 1005 [254 Cal.Rptr. 586, 766 P.2d 1]; *People* v. *Williams* (1988) 44 Cal.3d 883, 912 [245 Cal.Rptr. 336, 751 P.2d 395]; *People* v. *Bloodsaw, supra*.) The rule applies to an order suppressing prosecution evidence as well. Thus a ruling on a common law motion to suppress favorable to the defense is not reviewable pretrial for it, too, is subject to reconsideration by the trial court. (*People* v. *Campa, supra*, 36 Cal.3d at pp. 885-886; *People* v. *Beasley, supra*, 250 Cal.App.2d at p. 77.)

Exceptions to the rule exist. For example, rulings on statutory motions to suppress (§ 1538.5) need not be renewed at trial in order to obtain appellate review. (See e.g., *People* v. *Boyer* (1989) 48 Cal.3d 247, 270, fn. 13 [256 Cal.Rptr. 96, 768 P.2d 610].) Another exception is where the parties stipulate on the record that a ruling on an *in limine* motion to exclude evidence is binding and that the stipulation should be deemed to be a continuing objection to admission of the evidence. In such circumstances failure to object to admission at trial does not waive the right to assert error on appeal. (*People* v. *Jennings, supra*, 46 Cal.3d at pp. 974-975, fn. 3; see also *People* v. *Boyer, supra*, 48 Cal.3d 247, 270-271, fn. 13 [suggesting that a renewed objection might not be required if it would be futile].)

A third exception is recognized by the *Dewberry-Angeles-Mills* line of cases upholding review of an adverse evidentiary ruling on an appeal by the People where that ruling renders the People unable to proceed to trial. (See *People* v. *Dewberry, supra*, 40 Cal.App.3d 175, 181-185; *People* v. *Mills, supra*, 164 Cal.App.3d 652, 655; *People* v. *Angeles, supra*, 172 Cal.App.3d 1203, 1209-1211.) The court in *Dewberry* reached that conclusion common-sensically: "It would have little meaning if the court could consider only the technical correctness of the order of dismissal but not review the reason behind it, especially where the two are intertwined." (40 Cal.App.3d at p.

182.) Allowing appellate review in such a case makes sense for another reason as well: review by writ of prohibition or mandate does not lie. (See, e.g., *People* v. *Municipal Court* (*Ahnemann*) (1974) 12 Cal.3d 658, 660 [117 Cal.Rptr. 20, 527 P.2d 372].) A final reason for following *Dewberry*, *Angeles* and *Mills* jumps out: the need for consistency and clarity in the definition of reviewable questions on an appeal by the People pursuant to section 1238, subdivision (a)(8). We therefore decline to follow *Rawlings* and proceed to review the merits of the trial court's ruling on defendant's common law motion to suppress.

B., C.*

. . . . . . . . . . . . . . . . . . . . .

The order of dismissal is reversed.

Perley, J., and Reardon, J., concurred.

Respondent's petition for review by the Supreme Court was denied April 11, 1991.

---

* See footnote, *ante*, page 1650.