[Civ. No. 12800.   Second Appellate District, Division Two.—February 17, 1941.]

ELISHA S. ALLEN et al., Appellants, v. THE STATE BOARD OF EQUALIZATION et al., Respondents.

Leo B. Wayland, Frank L. Stearns and Aaron Ziony for Appellants.

Earl Warren, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondents.

MOORE, P. J.—Appeal from judgment after order sustaining demurrer without leave to amend. Petitioners had been certified as eligible for, and had been appointed to, positions of "collector" of State Board of Equalization. While holding those positions at salaries of $120 per month, they were assigned to, and for different periods performed the duties of the position of "investigator" which is classified as a higher position, requires a different examination and pays a salary of $150 monthly. Subsequently they all qualified for and were certified as eligible for the position of investigator or took other positions in the classified service.

By a writ of mandate, petitioners sought to require respondents to reclassify and reinstate them to the positions of investigators, State Board of Equalization, for the periods during which they were collectors; to correct the books and records of the California State Personnel Board to conform to the duties, services and work performed by the petitioners during the respective periods in which they performed the duties of investigator while classified as, and drawing the salary of the position of collector; and to direct respondents to pay to each of the petitioners the respective amounts alleged to have been earned by them while performing the duties of investigator when they held positions of collector.

The question for our determination is *whether a Civil Service employee, who has performed the duties of one of a higher class than the class in which his position is rated, may require the Personnel Board to classify him in such higher position for the period during which he served in that position and may recover a judgment to compel the controller to pay the differential between the salary of the lower class and that of the higher class of civil service.*

In substance the petition alleges that each of the sixteen petitioners was at various times from July 2, 1935, to August 26, 1937, appointed to the position of collector of said board of equalization at a salary of $120 per month during said period; that each petitioner, except Davis and Garrett, passed a "promotional examination for investigator" on or about May 19, 1937; that each was thereafter placed upon the eligible list for the positions of investigator; that thereafter between December 1, 1937, and March 1, 1938, they were appointed to the positions of investigator at a salary of $150

per month; that Davis accepted civil service employment with another department of the state August 7, 1937; that petitioner Garrett did not qualify by a promotional examination for the position of investigator and is now connected with another department of the state service; that all petitioners, except Davis and Garrett, demand payment of the difference between the salaries of investigator and collector, from the dates of their original appointments as collector to the dates of their promotional appointments as investigators; that at all times they performed the duties of investigator while holding the office of collector ''with the consent, authorization and requirement of respondents''; that Davis and Garrett demand the differential between the salary of an investigator and that of a collector during the period they respectively served as investigators while classified as collectors.

Petitioners contend that in enacting sections 5, 60 and 61 of the Civil Service Act (Stats. 1937, p. 2085 [Deering's Gen. Laws, 1937, Act 1404]) the legislature intended that employees were to be paid for the duties performed under a certain classification and not according to classification without regard to the duties performed and that, therefore, it is mandatory upon respondents to make payment of salaries according to duties performed. They base this contention upon the language of those three sections. Section 5 requires that the commission grade all positions within each class with respect to salaries to the end that like salaries shall be paid for like duties. Section 60 provides that the board shall adjust classes of positions in the State Civil Service; while section 61 provides ''that the allocation of a position to a class shall derive from and be determined by the ascertainment of the duties and responsibilities of the position . . . and that substantially the same requirements as to education, experience, knowledge and ability are demanded of incumbents, that substantially the same tests of fitness may be used in choosing qualified appointees, and that the same schedule of compensation can be made to apply with equity . . . and shall be included in the same class.''

They, therefore, urge that notwithstanding the requirements of the Civil Service Act that civil service examinations must be taken in order to be reclassified, yet, by the conduct of the appointing power, an employee may obtain a status different from and a position higher than that in which he

was classed at the time of his original employment by virtue of the actual performance of the duties of the advanced status. Having performed the duties of investigator over a period of almost three years, petitioners insist that they acquired the status of that position without regard to the constitutional requirement of examination, certification and appointment to the advanced position. But their contention pales in the light of section 1, article XXIV, of the Constitution which provides that "permanent appointment and promotion in the Civil Service shall be made exclusively under the general system based upon merit, efficiency and fitness as ascertained by competitive examination". ■ The acts of the head of a department of the state do not have the sanctity of even a legislative enactment. Far short do they fall of the force of a provision of the organic law. Of this effective constitutional provision, petitioners, as well as the members of the respective boards, had knowledge and by it they are all bound. ■ The primary purpose of a constitution is to place limitations upon the legislative authority as well as upon the powers of its co-ordinate branches of government. When, instead of forbidding an act, it contains a provision prescribing a course to be pursued by a department, board, commission, or an official, all statutes must be consonant therewith and any resolution, order or decree contrary to such provision by whatsoever body ordained is void. In view of the quoted language of article XXIV, no official or board could by order made, or by services performed, promote an employee in the classified service to a position in a higher class.

A situation similar to that of petitioners was presented to the court in the case of *Pinion* v. *State Personnel Board,* 29 Cal. App. (2d) 314 [84 Pac. (2d) 185], wherein the petitioners sought by mandate proceedings to compel the personnel board to recognize petitioners as holders of certain positions and to allow them to continue to perform the duties of such positions and to assume the official title thereof. The court there held that sections 60, 61, 62 and 63 of the Civil Service Act were not enacted "for the purpose of giving Civil Service employees status in positions higher than those for which they were examined." If the appointing power could, by assigning duties of a higher nature to an employee, and the state personnel board could, by classifying those duties

to a higher class than that of the employee's original position, give to an employee a permanent civil service status, the entire fabric of the civil service system would fail. Promotion and appointments in civil service would then no longer be made "exclusive under a general system based upon merit, efficiency and fitness as ascertained by competitive examination."

Judgment affirmed.

Wood, J., and McComb, J., concurred.