Opinion
YEGAN, P. J.
William Hamilton Wood was convicted in a jury trial of driving under the influence. (Veh. Code, § 23152, subd. (a).) He was not charged with violating Vehicle Code section 23152, subdivision (b). He appeals contending that the trial court committed reversible error by instructing the jury with the .10-percent presumption in the statutory language of Vehicle Code section 23155, subdivision (a)(3). This contention is meritorious and we reverse. We reject his second contention and conclude, in light of the “Right to Truth-in-Evidence” provision of Proposition 8, that analytical results of appellant’s blood-alcohol level to the third decimal place are admissible in a criminal proceeding.
Factually, a law enforcement officer saw appellant driving a motor vehicle and weaving inside the lane. At the same time, he noted that the lights of *Supp. 14 appellant’s car were not operative even though the officer opined that it was dark enough that they should have been activated. He effected a traffic stop and made certain observations consistent with a person who was then under the influence of alcohol. That is to say, appellant’s eyes were glassy, his speech was slightly slurred, and an odor of alcoholic beverage emanated from his person. Appellant admitted drinking and feeling the effects thereof “a little.” A series of field sobriety tests were administered and the officer opined that appellant failed them. Appellant was placed under arrest and after some delay a blood sample was drawn. A gas chromatograph reading thereof produced the following results: .089, .090 percent.
Appellant testified in his own behalf, attempted to explain away the aforementioned evidence, and introduced other evidence which corroborated his claim that he was not under the influence of alcohol. The defense testimony was not, however, theoretically implausible, but obviously not credited when measured against the instructions.
California Supreme Court precedent regarding the inapplicability of Vehicle Code section 23155, subdivision (a)(3), as an instruction to the jury as a matter of law, and our determination that this error was prejudicial dictate that the judgment be reversed. “The trial court’s duty in a criminal case to instruct on the general principles of law relevant to the issues raised by the evidence [citations] includes a correlative duty to refrain from instructing on principles of law which not only are irrelevant to the issues raised by the evidence but also have the effect of confusing the jury or, relieving it from making findings on relevant issues. [Citation.] (People v. Satchell (1971) 6 Cal.3d 28, 33, fn. 10 [98 Cal.Rptr. 33, 489 P.2d 1361, 50 A.L.R.3d 383].)
The trial court gave the following instruction over defense objection: “Vehicle Code section 23155 reads in part as follows: the amount of alcohol in a person’s blood at the time [of] a test as shown by a chemical analysis of that person’s blood, breath or urine shall give rise to the following presumptions regarding the burden of proof: 1. If there was at the time less than 0.05 percent of weight of alcohol in the person’s blood it shall be presumed that the person was not under the influence of an alcoholic beverage at the time of the alleged offense;
“2. If there was at the time 0.05 percent or more but less than 0.10 percent by weight of alcohol in the person’s blood, that fact shall not give rise to any presumption that the person was or was not under the influence of an alcoholic beverage. But that fact may be considered with other competent evidence in determining whether the person was under the influence of an alcoholic beverage at the time of the alleged offense;
*Supp. 15 “3. If there was at that time . 10 percent or more by weight of alcohol in the person’s blood it shall be presumed that the defendant was under the influence of alcohol at the time of the alleged offense.”
The trial court erred by injecting the concept of presumption into this case. The plain language of Vehicle Code section 23155, subdivision (a)(2) is that no presumption arises if the blood-alcohol level is between .05 and less than .10 percent at the time of the test. Here, the presumptions in Vehicle Code section 23155, subdivisions (a)(1) and (3), do not arise because of appellant’s blood-alcohol level reported at the time of the test. “Tt is error to give an instruction which correctly states a principle of law which has no application to the facts of the case.’ [Citation.]” (People v. Rollo (1977) 20 Cal.3d 109, 122-123 [141 Cal.Rptr. 177, 569 P.2d 771].)
The vice in the reading of the instruction is that it allowed the jury to theoretically borrow the .10-percent presumption of Vehicle Code section 23155, subdivision (a)(3), because .089 and .090 percent are so close to the presumptive .10-percent level. As read to the jury, i.e., with the “shall” language, paragraph three must be viewed as a “mandatory presumption” which, as articulated by Justice Kaus, is “troublesome” (People v. Roder (1983) 33 Cal.3d 491, 498 [189 Cal.Rptr. 501, 658 P.2d 1302]), and which, if actually borrowed by the jury, grossly lightened the People’s burden of proof. “[/]« criminal cases, the ultimate test of any [inference or presumption] device’s constitutional validity remains constant: the device must not undermine the factfinder’s responsibility at trial, based on evidence adduced by the State, to find the ultimate facts beyond a reasonable doubt. [Citations.]” {Id. at p.497, italics in the original.)
While yet to be definitively decided by our California Supreme Court, instructional error based upon a “mandatory presumption” which theoretically lightens the prosecutor’s burden of proving a case beyond a reasonable doubt should, in all probability, be tested by the harmless-beyond-a-reasonable-doubt standard of Chapman v. California (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065], (See People v. Roder, supra, 33 Cal.3d 491 at pp. 504-505.) Relying upon the rule that a reviewing court presumes that the jury follows the instructions given (see, e.g., People v. Chavez (1958) 50 Cal.2d 778, 790 [329 P.2d 907]; People v. Campbell (1976) 63 Cal.App.3d 599, 612 [133 Cal.Rptr. 815]), the People argue that the jury applied the “no presumption” rule of Vehicle Code section 23155, subdivision (a)(2), and because there was no factual premise therefor, did not apply the presumption rule of Vehicle Code section 23155, subdivision (a)(3). We cannot agree. The danger of jurors borrowing the scant one one-hundredth of 1 percent blood alcohol to “presume” appellant *Supp. 16 guilty of violating Vehicle Code section 23152, subdivision (a), at the .10-percent blood-alcohol level is too great. We cannot say that the instruction was harmless beyond a reasonable doubt. It went to the sole issue in the case and created “... a substantial risk of misleading the jury to the defendant’s prejudice.” (People v. Rollo, supra, 20 Cal.3d 109, 123.)
As indicated, we resolve appellant’s remaining contention since it will occur on retrial. California Code of Regulations, title 17, section 1220.4, subdivision (b) provides: “Analytical results [of blood-alcohol concentration] shall be reported to the second decimal place, deleting the digit in the third decimal place when it is present.” The word “shall” is mandatory (cf. Evid. Code, § 11). “Statutory compliance or noncompliance [with title 17 of the California Code of Regulations goes not to the admissibility, but] merely goes to the weight of the evidence. [Citations.]” (People v. Rawlings (1974) 42 Cal.App,3d 952, 956 [117 Cal.Rptr. 651]; see also People v. Adams (1976) 59 Cal.App.3d 559, 566-567 [131 Cal.Rptr. 190].)
Proposition 8’s “Truth-in-Evidence” provision, California Constitution, article I, section 28, subdivision (d), indicates, in pertinent part, that “[e]xcept as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceedings----”
Our common sense and experience as trial judges compel the conclusion that the “third decimal place” number is relevant (see Evid. Code, § 210) or else prosecutors would not seek utilization of it when it is high and criminal defense attorneys would not seek utilization of it when it is low. In addition, here the People’s forensic expert utilized the “third decimal place” “... to conclude that the variance between the two test samples was only one-tenth of the amount of variance permitted by the Administrative Code, or ‘ten times better’ than allowed by the Code.” Thus the “third decimal place” has a tendency in reason to show that “... the particular apparatus utilized was in proper working order----” (People v. Adam, supra, 59 Cal.App.3d at p. 561.)
California Code of Regulations, title 17, section 1220.4, subdivision (b) was obviously not “hereafter” enacted by the requisite vote of the Legislature but was instead adopted by the State Department of Health (see People v. Adams, supra, 59 Cal.App.3d at p. 562) before California Constitution, article I, section 28, subdivision (d), was approved by the voters.
As Mr. Witkin indicates: “The ‘Right to Truth-in-Evidence’ provision requires admission of all ‘relevant evidence,’. . . Hence, any other statute—in the Evidence Code or elsewhere—that precludes admission of *Supp. 17 relevant evidence is presumably nullified, and such relevant evidence previously held inadmissible is now presumed admissible.” (1 Witkin, Cal. Evidence (3d ed. 1986) § 9, p. 10.)
(5c) We adopt Mr. Witkin’s sage perception and conclude that insofar as California Code of Regulations, title 17, section 1220.4, subdivision (b) purports to create an evidentiary rule precluding the “third decimal place” reading of analytical results of blood-alcohol level in a criminal proceedings, it is not consonant with California Constitution, article I, section 28, subdivision (d), which takes precedence. {Allen v. State Board of Equalization (1941) 43 Cal.App.2d 90, 93 [110 P.2d 73].) “A trial is a search for the truth. [Citations.]” {People v. Zack (1986) 184 Cal.App.3d 409, 415 [229 Cal.Rptr. 317].) Whether such evidence is favorable to the People or to the defendant, the clear import of the “Truth-in-Evidence” provision is that the trier of fact be given the opportunity to credit or discredit relevant evidence.
The judgment is reversed.
Thompson, J., and Johnson, J., concurred.