[Crim. No. 4413. Fourth Dist., Div. One. Jan. 18, 1971.]

THE PEOPLE, Plaintiff and Appellant, v.
DANIEL PHILLIP CASERTA, Defendant and Respondent.

## COUNSEL

Cecil Hicks, District Attorney, Michael R. Capizzi and Oretta D. Sears, Deputy District Attorneys, for Plaintiff and Appellant.

George H. Chula for Defendant and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—The People appeal an order dismissing their action against Daniel Phillip Caserta under Penal Code section 1385 after the court sustained Caserta's motion to suppress evidence (Pen. Code, § 1538.5).

Daniel and his wife, Sharon Ann Caserta, were jointly charged by information with possessing marijuana (Health & Saf. Code, § 11530), possessing marijuana for sale (Health & Saf. Code, § 11530.5), maintaining a place for sale of marijuana (Health & Saf. Code, § 11557) and possessing restricted dangerous drugs for sale (Health & Saf. Code, § 11911). Daniel and Sharon both successfully moved to set aside the information. The People appealed and this court reversed the order setting aside the information, in an unpublished decision (4 Crim. No. 3507).

Sharon moved to suppress evidence claiming an illegal search (Pen. Code, § 1538.5) and her motion was denied. Apparently Daniel had not been apprehended following reversal of the order setting aside the information and he was not a party to Sharon's suppression motion. Sharon was convicted and appealed, raising the search and seizure question.

The authorities apparently apprehended Daniel and he filed his separate motion to suppress evidence. On the day before Daniel's motion was heard, Division II of this court affirmed Sharon's conviction.

Daniel submitted his motion to suppress on the transcript of the preliminary hearing and the transcript of the hearing on Sharon's motion to suppress. The court granted Daniel's motion and dismissed the action on motion of the deputy district attorney as authorized by Penal Code section 1385.

The merits of the court's granting Daniel's motion to suppress and dismissing the action are not before us. The People merely state:

"The facts which gave rise to the criminal action and to the 'probable cause' to arrest Daniel Caserta are fully set forth in the Sharon Ann Ca-

serta opinion and since the *identical* facts are here present, Appellant adopts the Argument set forth in the Opinion to support its contention that the motion, on the merits, was improperly granted."

We have examined the opinion in Sharon's appeal and find no arguments in it. Sharon's appeal was necessarily determined based upon findings of fact by the trial court favorable to the People. The lower court's findings in Daniel's de novo suppression hearing are favorable to him. We reject the People's invitation to examine into the merits of the lower court's ruling based upon matters outside the record on this appeal and arguments advanced in a different case which assumed an entirely different posture on appeal. In short, it is not for this court to develop a party's case on appeal.

The People argue Penal Code section 1538.5 allows for but one motion to be made by all defendants in a case in superior court and for the findings in that motion to be binding on all defendants. Neither authority nor reason supports this argument. We find nothing in the statute requiring all defendants in a multiple defendant case to join in one motion or be bound by factual determinations which may well be applicable only to another defendant. Moreover, this was not a matter raised by the People below.

The People next argue the determination of the appellate court in Sharon's appeal is law of the case in Daniel's motion. Again, no authority is cited and the contention is without support in reason. Whatever persuasive value the decision in Sharon's appeal may have on the resolution of Daniel's motion to suppress, it is not law of the case because Daniel was not a party to Sharon's appeal. Criminal cases may not be tried as class actions.

Not only does the People's appeal lack merit, we agree with Caserta's contention the order of dismissal is not an order appealable by the People. It is only in those limited instances specified in Penal Code section 1238 the People may take an appeal to this court. Before the addition of subdivisions (7) and (8) to Penal Code section 1238, an order of dismissal under Penal Code section 1385 was not appealable (*People v. Superior Court,* 69 Cal.2d 491, 498-499 [72 Cal.Rptr. 330, 446 P.2d 138]).

Subdivision (7) of section 1238 enacted in 1967 added to the list of orders appealable by the People:

"From an order dismissing a case prior to trial made *upon motion of the court* pursuant to Section 1385 whenever such order is based upon an order granting defendant's motion to return or suppress property or

evidence made at a special hearing as provided in this code. . . ." (Italics added. The 1970 amendment of Penal Code section 1238 does not apply to this case and would not affect its outcome if it did apply.)

There is no question here the order of dismissal was based on the order granting Caserta's motion to suppress evidence and was entered on motion of the prosecuting attorney.

Penal Code section 1385 allows the court "either on its own motion or upon the application of the prosecuting attorney" to dismiss an action in the furtherance of justice. Penal Code section 1238, subdivision (7), only provides for a People's appeal where the court acts on its own motion. The section provides exceptions to the general rule the People do not have an appeal in criminal cases. The exception contained in subdivision (7) of section 1238 must be strictly construed and may not be extended to provide appellate review to the People when the dismissal is entered on the application of the prosecuting attorney. This is in accord with the general appellate policy of refusing to review invited error. It is also consistent with Penal Code section 1538.5, subdivision (1), which provides:

"Nothing contained in this subdivision shall prohibit a court, at the same time as it rules upon the search and seizure motion, from dismissing a case pursuant to Section 1385 *when such dismissal is upon the court's own motion,*" and is based upon an order suppressing evidence. (Italics added.)

The People have adequate remedies for review of suppression orders. They may seek mandate or prohibition if a defendant's motion is granted (Pen. Code, § 1538.5, subd. (o)). If the court, on its own motion, dismisses under section 1385 based upon its suppression order, the People may appeal (Pen. Code, § 1238, subd. (7)). We hold only the People may not initiate an appellate procedure by asking the court to dismiss under section 1385 and then appeal from the order they requested.

The question remains whether the People may appeal under Penal Code section 1238, subdivision (8), which allows an appeal "from an order or judgment dismissing . . . the action before the defendant has been placed in jeopardy. . . ." Where the dismissal is made under section 1385 and is based on an order granting a defendant's motion to suppress evidence, we hold the specific provisions of subdivision (7) of section 1238 relating to that exact situation control over the general language of subdivision (8). We do not determine whether, under any circumstances, the People might appeal under subdivision (8) from a section 1385 order of dismissal unrelated to a suppression order, when they have applied for the dismissal.

We conclude the People may not appeal from a dismissal entered under

Penal Code section 1385, based upon an order granting a defendant's motion to suppress evidence, when the dismissal is upon the application of the prosecuting attorney. To prevent uncertainty, care should be taken in each instance to specify in the minute order whether the dismissal is on the court's motion or on application of the prosecuting attorney.

Appeal dismissed.

Whelan, J., and Ault, J., concurred.

A petition for a rehearing was denied January 27, 1971, and appellant's petition for a hearing by the Supreme Court was denied March 16, 1971.