[Crim. No. 25584. Second Dist., Div. Two. Nov. 6, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
ALBERT RAWLINGS, Defendant and Respondent.

## COUNSEL

Burt Pines, City Attorney, Ward G. McConnell and Gerry L. Ensley, Deputy City Attorneys, for Plaintiff and Appellant.

Joseph P. Busch, District Attorney (Los Angeles), and Harry B. Sondheim, Deputy District Attorney, as Amici Curiae on behalf of Plaintiff and Appellant.

Richard S. Buckley, Public Defender, Harold E. Shabo, Karen M. Berlie, and Martin Stein, Deputy Public Defenders, for Defendant and Respondent.

## OPINION

**COMPTON, J.**—Defendant was charged in a complaint filed in the Municipal Court of the Los Angeles Judicial District with violating Vehicle Code section 23102, subdivision (a) (driving under the influence of intoxicating liquor) and Vehicle Code section 12500, subdivision (a) (driving without a valid driver's license).

Prior to trial, defendant made a "motion to suppress" the results of a gas chromatograph test which had been administered to determine the amount of alcohol in defendant's system. In connection with a hearing on the motion it was stipulated that the police officer who had administered the test had not been trained in accordance with the provisions of section

1221.4, subdivision (c)(5) and subdivision (d) of title 17, California Administrative Code. The city attorney, however, offered to prove that the testing officer at the time of administering the test was acting under the direct supervision of an officer who had been so trained and that the test was correctly performed.

The offer of proof was rejected and the trial court ordered the evidence "suppressed." The city attorney then indicated that in his opinion the case could not go forward without the "suppressed" evidence. After a colloquy with the court the city attorney stated, "I would ask the court to dismiss the entire case, so we may appeal. . . . I am not going to dismiss it. If you do it on your own, we will appeal it."

The court on its own motion ordered the case dismissed and indicated in its minute order that such dismissal was "after refusal of the People to go forward."

The People appealed to the superior court, appellate department, which court dismissed the appeal as being taken from a nonappealable order. We accepted certification.

The appeal here is from the order of dismissal, which appeal is permitted by the language of Penal Code section 1466 as follows:

"An appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located, in the following cases.

"1. By the people: (a) From an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy; . . ."

■ The trial court's ruling that the results of the test could not be admitted was in error.

Health and Safety Code section 436.52 requires the State Department of Health to adopt rules and regulations to govern the administering of breath tests for the purpose of determining blood-alcohol levels. Those regulations which are pertinent here are contained in title 17, California Administrative Code section 1221.4, which provides in part:

"(c) Analysis shall be performed only with instruments for which the operators have received training, such training to include at minimum the following schedule of subjects:

"(1) Theory of operation;

(2) Detailed procedure of operation;

(3) *Practical experience;*

(4) Precautionary check-list;

(5) Written and/or *practical* examination." (Italics added.)

The regulation clearly envisions training such as was apparently being performed in the instant case. More important, however, neither the regulation nor its parent statute refer to the admissibility into evidence of any tests which fail to follow the regulation. These regulations do not affect such admissibility. The law favors admissibility of relevant evidence. (Evid. Code, § 351.) Where a statute, such as this, does not specifically provide that evidence shall be excluded for failure to comply with said statute. and there are no constitutional issues involved (and none are involved here) such evidence is not inadmissible. Statutory compliance or noncompliance merely goes to the weight of the evidence. (*People* v. *Brannon,* 32 Cal. App.3d 971 [108 Cal.Rptr. 620]; *People* v. *Fite,* 267 Cal.App.2d 685 [73 Cal.Rptr. 666]; *People* v. *Wren,* 271 Cal.App.2d 788 [76 Cal.Rptr. 673]; 56 Ops.Cal.Atty.Gen., p. 38.) (*People* v. *Foulger,* 26 Cal.App.3d Supp. 1 [103 Cal.Rptr. 156] is disapproved.)

█ The so-called "order of suppression" was not within the purview of Penal Code section 1538.5 which provides for pretrial suppression hearings dealing with the issue of search and seizure. Here there was no issue of search and seizure involved. The issue was not whether the officers could constitutionally administer the test but only the mechanical circumstances of its administration. Penal Code section 1538.5 does not provide an omnibus procedure for the pretrial determination of rulings on evidentiary questions generally. (*People* v. *Morrow,* 276 Cal.App.2d 700 [81 Cal.Rptr. 201]; also see *People* v. *Superior Court (Smith)* 70 Cal.2d 123 [74 Cal.Rptr. 294, 449 P.2d 230].) Nor was the order pursuant to any other established procedure providing for pretrial determination of questions of the admissibility of evidence.

In short, the motion and the order resulted in nothing more than an informal indication of how the judge would later rule on the question. The order was not binding on the judge or the parties. (*Saidi-Tabatabai* v. *Superior Court,* 253 Cal.App.2d 257 [61 Cal.Rptr. 510].)

The defendant had no right to unilaterally seek a pretrial ruling on such a purely evidentiary question and the city attorney was not obliged to participate. Nor was the defendant in any position to move for a dismissal of the action based upon the pretrial ruling. (See Pen. Code, § 1385; *People* v. *Dewberry,* 40 Cal.App.3d 175 [114 Cal.Rptr. 815].) Absent an agreement by both parties to conduct such hearing pretrial, the court even on its own motion could not have ruled on the matter and dismissed

the action. (Cf. *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361].)

Penal Code section 1385 provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in *furtherance of justice,* order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Italics added.)

■ While the court has wide discretion under that section the very fact that the reasons for a dismissal must be set forth in the minutes indicates that the power is not absolute. (*People* v. *Curtiss,* 4 Cal.App.3d 123 [84 Cal.Rptr. 106]; also see *People* v. *Shaffer,* 182 Cal.App.2d 39 [5 Cal.Rptr. 844]; *Fick* v. *Board of Medical Examiners,* 31 Cal.App.3d 247, 251 [107 Cal.Rptr. 260].)

■ In determining whether the dismissal should be set aside we look to the reasons for the order which were entered in the minutes. The minutes recite that the reason for the dismissal was the refusal of the People to go forward with the case. Clearly such a refusal provides good grounds for a court to dismiss a criminal proceeding. At the heart of this appeal is the reason why the People refused to go forward, i.e., the erroneous and legally ineffectual ruling of the trial court ordering the evidence suppressed. The question is whether the People, after participating in a pretrial hearing on an anticipated evidentiary question were justified in refusing to proceed to trial thereby incurring a dismissal which on appeal will be set aside if the underlying evidentiary ruling proves to be wrong. Stated another way, on the state of the record was the trial judge in error in dismissing the case for the reasons stated?

It is clear that a true suppression order pursuant to Penal Code section 1538.5 followed by a dismissal can be reviewed on appeal under Penal Code section 1466. (Pen. Code, § 1538.5, subds. (d) and (m).)

The defendant here and the appellate department in its opinion, relying on *People* v. *Caserta,* 14 Cal.App.3d 484 [92 Cal.Rptr. 382], attached considerable significance to the fact that the People in effect invited the dismissal by suggesting that the court dismiss the action because of the People's perceived inability to proceed.

We are of the opinion that in a situation of dismissal of a misdemeanor complaint under section 1385 of the Penal Code, following a true suppression order under Penal Code section 1538.5, the semantics used are not controlling. *Caserta* involved proceedings in the superior court and it was

there pointed out that the People had available other means of testing the suppression order by way of extraordinary writ under subdivision (o) of section 1538.5 of the Penal Code. These latter remedies are not available in misdemeanor prosecutions.

In a misdemeanor prosecution the People are nevertheless entitled to appellate review of the pretrial suppression order. This can be accomplished by a direct appeal from the order (Pen. Code, § 1538.5, subd. (j); *Adams* v. *Superior Court,* 8 Cal.App.3d 569 [87 Cal.Rptr. 667]) or by obtaining a dismissal of the action and appealing from the order of dismissal. (Pen. Code, §§ 1538.5, subds. (d) and (m), 1466.) In view of the desirability of bringing misdemeanor cases to trial in a speedy fashion, the latter procedure would appear to be preferable and more beneficial to the defendant.

In ruling on a motion to suppress the superior court generally has available a transcript of the preliminary hearing and is in a position to know the impact of the suppression order on the People's case. That court then is more likely to act on its own motion in dismissing an action than is a municipal court judge presiding over a misdemeanor prosecution where no such transcript is available.

In order to permit the trial court in a misdemeanor prosecution to intelligently determine whether an action should be dismissed after a suppression order, it will generally be necessary for the prosecutor to advise the court of the effect of the suppression order on the case. It should make no difference as to the People's right to seek appellate review whether the prosecutor simply states as a fact that he cannot proceed or suggests to the court that a dismissal is in order.

Had the order in the present case been a true suppression order under Penal Code section 1538.5, we would have no hesitancy in reversing the dismissal which followed.

However, as we have observed, the order here was not such an order and the People were not bound by it.

True the People's case faced an uncertain fate if they had proceeded to trial with the judge having indicated his view of the admissibility of the key evidence. However, the judge might have reversed himself in the trial. On the other hand, if he did not and rejected the test results after jeopardy had attached, the People would have been in no different position than if they had proceeded to trial without any pretrial indication of the judge's attitude. (See *People* v. *Valenti,* 49 Cal.2d 199 [316 P.2d 633].)

The right of appeal is purely statutory. The order of "suppression" was not itself directly appealable as no such appeal is authorized. (Pen. Code, § 1466.) There is no statutory provision (except for Pen. Code, § 1538.5) for the obtaining of pretrial rulings on evidentiary questions and the appellate review of such rulings. Neither mandamus nor prohibition will lie to resolve an issue as to admissibility of evidence. (*People* v. *Municipal Court (Ahnemann)* (1974) 12 Cal.3d 658 [117 Cal.Rptr. 20, 527 P.2d 372].) The parties may not by agreement or stipulation create an appellate proceeding which is not authorized by statute. While such a procedure may be an improvement over the present system, it is for the Legislature to create and not this court.

We hold that if the parties voluntarily participate in such an informal pretrial proceeding the prosecution in the face of an adverse ruling has two options available:

(1) Proceed to trial and press for a reversal of the ruling by the trial judge, or

(2) Accept the ruling of the trial judge and request a dismissal which would be nonappealable.

Thus even though we have concluded that the trial judge erred in his underlying ruling, the People are not entitled to have the dismissal which followed set aside.

The order of dismissal is affirmed.

Fleming, Acting P. J., and Beach, J., concurred.

A petition for a rehearing was denied November 27, 1974. Fleming, J., was of the opinion that the petition should be granted. Appellant's petition for a hearing by the Supreme Court was denied January 2, 1975. McComb, J., and Sullivan, J., were of the opinion that the petition should be granted.