[Crim. No. 15783. First Dist., Div. One. Nov. 15, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
DEAN ROSS PUCCINELLI, Defendant and Respondent.

## Counsel

Keith C. Sorenson, District Attorney, and Kathleen Wentworth, Deputy District Attorney, for Plaintiff and Appellant.

Parker Kelly and John A. Cost for Defendant and Respondent.

## Opinion

**MOLINARI, P. J.**—This appeal is before us upon transfer from the Appellate Department of the Superior Court of San Mateo County upon certification by that court pursuant to rule 63 of the California Rules of Court. The appeal is by the People from an order of the municipal court suppressing the results of a blood test in an action charging defendant with driving a vehicle while under the influence of intoxicating liquor, causing bodily injury. (Veh. Code, § 23101.[1]) The order was affirmed by the appellate department.

The issue presented is whether the results obtained in violation of defendant's right of selection of the tests provided for in section 13353[2] must be suppressed. We have concluded that there is no statutory or constitutional mandate requiring the suppression of such evidence and that, therefore, the order of the municipal court must be reversed.

---

[1] Unless otherwise indicated all statutory references are to the Vehicle Code.

[2] Section 13353, in pertinent part, provides as follows:

"(a) Any person who drives a motor vehicle upon a highway shall be deemed to have given his consent to a chemical test of his blood, breath or urine for the purpose of determining the alcoholic content of his blood if lawfully arrested for any offense

Upon his arrest for violation of section 23101 defendant was offered a choice of the chemical tests (blood, breath, urine) provided for in section 13353 for the purpose of determining the alcoholic content in defendant's blood. He indicated he would take either the breath test or the urine test. Facilities for the taking of these tests were unavailable. Defendant refused to sign a consent form for the taking of a blood test. After several hours of delay he was persuaded by a California Highway Patrol officer to sign a waiver and a blood sample was taken.

In *People* v. *Brannon,* 32 Cal.App.3d 971 [108 Cal.Rptr. 620], it was held that evidence obtained in violation of section 13353 is admissible because the statute neither codifies constitutional requirements nor contains its own exclusionary rules. (At p. 975.) In that case the arresting officer failed to inform the arrestee of his right of selection among the chemical tests and proceeded to take a breath test. The reviewing court, concluding that under the evidence there was no constitutional violation, observed that although there is an obvious relationship between the statutes proscribing the driving of a vehicle while under the influence of intoxicating liquor and section 13353 in that test results under section 13353 may be and are used as evidence in prosecution, the administrative remedy of a six months' license suspension under section 13353 may be imposed notwithstanding a prosecution under the drunk driving statutes. (At p. 974.) *Brannon* concurs with the result in *People* v. *Fite,* 267 Cal.App.2d 685, 690 [73 Cal.Rptr. 666], wherein it is stated that " 'section 13353 complements rather than supersedes section 23101, and that the enactment of the implied consent law in no way affected the admissibility of blood alcohol tests under established case law. . . .' " (*Brannon,* at p. 976.)

■ The immediate purpose of section 13353, the implied consent law, is to obtain the best evidence of blood alcohol content at the time of the arrest of a person reasonably believed to be driving while intoxicat-

allegedly committed while the person was driving a motor vehicle under the influence of intoxicating liquor. The test shall be incidental to a lawful arrest and administered at the direction of a peace officer having reasonable cause to believe such person was driving a motor vehicle upon a highway while under the influence of intoxicating liquor. Such person shall be told that his failure to submit to or complete such a chemical test will result in the suspension of his privilege to operate a motor vehicle for a period of six months.

"The person arrested shall have the choice of whether the test shall be of his blood, breath or urine, and he shall be advised by the officer that he has such choice. If the person arrested either is incapable, or states that he is incapable, of completing any chosen test, he shall then have the choice of submitting to and completing any of the remaining tests or test, and he shall be advised by the officer that he has such choice. . . ."

ed. Its ultimate purpose is to inhibit intoxicated persons from driving on the highway. (*Kesler* v. *Department of Motor Vehicles,* 1 Cal.3d 74, 77 [81 Cal.Rptr. 348, 459 P.2d 900].) ■ It is also evident that as a matter of public policy it is desirable to obtain a sample for one of the tests in a noncoercive fashion, thereby substituting volition for compulsion. (*People* v. *Superior Court (Hawkins),* 6 Cal.3d 757, 765 [100 Cal.Rptr. 281, 493 P.2d 1145]; *Lampman* v. *Department of Motor Vehicles,* 28 Cal.App.3d 922, 927 [105 Cal.Rptr. 101].)

The desirability of obtaining blood samples in a noncoercive manner by one of the tests provided for in section 13353 may not be equated, however, with constitutionality. (*People* v. *Brannon, supra,* 32 Cal.App.3d 971, 975.) It is well established that the government may utilize the results of chemical analysis performed upon a blood sample forcibly removed without the consent of the arrestee, provided it is done in a reasonable, medically approved manner, is incident to the defendant's arrest, and is based upon the reasonable belief that the person is intoxicated. (*Schmerber* v. *California,* 384 U.S. 757, 766-772 [16 L.Ed.2d 908, 917-920, 86 S.Ct. 1826]; *People* v. *Superior Court (Hawkins), supra,* 6 Cal.3d 757, 761, 764.) It is also clear that the right to obtain and utilize such chemical analyses under the authority of *Schmerber* has not been eliminated by the enactment of section 13353. (*People* v. *Brannon, supra,* at pp. 975-976; see *People* v. *Superior Court (Hawkins), supra,* at pp. 764-765.)

■ The rationale of *Brannon* has been applied in *People* v. *Rawlings,* 42 Cal.App.3d 952, 956 [117 Cal.Rptr. 651]. The applicable rule, as articulated in *Rawlings,* is that where a statute, such as section 13353, does not specifically provide that evidence shall be excluded for failure to comply with said statute, and there are no constitutional issues involved, such evidence is not inadmissible. (At p. 956.)

■ In the instant case there was no violation of any constitutionally protected right. It is not asserted by defendant that the arresting officer did not have reasonable cause to believe that defendant was intoxicated or that the blood test was not done in a reasonable, medically approved manner. Moreover, defendant voluntarily submitted to the blood test.

Reliance by the court below on *Wegner* v. *Department of Motor Vehicles,* 271 Cal.App.2d 838 [76 Cal.Rptr. 920], and *Cahall* v. *Department of Motor Vehicles,* 16 Cal.App.3d 491 [94 Cal.Rptr. 182], is

misplaced. Neither of these cases hold that tests taken in violation of section 13353 must be suppressed. The question of evidence suppression was not considered in either case. *Cahall* articulates that while a motorist lawfully arrested for drunk driving may choose which of the three chemical tests designated under section 13353 he will take, his obligation does not end when he has expressed such a choice; he must go further and submit to the tests, and if he is unable to complete the test which is his first choice he is obliged, upon request so to do, to select another with which he can comply. (At pp. 495-496.) *Cahall* holds that when the arrestee was unable to give a complete urine test, his first choice, his refusal to make a second choice justified the penalty of suspension of license provided for in section 13353. (At p. 496.) *Wegner* holds that an arrestee need not submit to a test because of a valid technical deficiency provided he points out the deficiency with clearness sufficient to permit the officer to decide upon the validity of his protest and, if it is reasonable to do so, to take steps to meet the objection. (At p. 841.) In *Wegner* the arrestee elected to take a blood test but refused to undergo the test upon unarticulated objections that the procedure was unsanitary. Such refusal, coupled with his refusal to take any of the other tests, was held to warrant license suspension pursuant· to section 13353. (At pp. 840-841.)[3]

The order is reversed.

Sims, J., and Elkington, J., concurred.

A petition for a rehearing was denied December 14, 1976.

---

[3]In *Wegner* it was also held that the arrestee's election to take a blood test after his refusal to take any of the tests on condition that it be administered by his own physician amounted to a refusal. (271 Cal.App.2d at p. 840.)