[No. A048711. First Dist., Div. Three. Mar. 29, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
AMEEN H. GAZALI, Defendant and Respondent.

[Opinion certified for partial publication.*]

---

*Certified for publication except as to part II. (Cal. Rules of Court, rules 976(b) and 976.1.)

**COUNSEL**

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Appellant.

Mark S. Goldrosen, under appointment by the Court of Appeal, for Defendant and Respondent.

## OPINION

**STRANKMAN, J.**—Defendant Ameen H. Gazali was charged by information with murder. The trial court granted defendant's motion to exclude evidence of his statements to police, on the ground that his rights under *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974] were violated. The court then dismissed the matter pursuant to Penal Code section 1385, and the People have appealed.[1] We conclude that the trial court erred and reverse the order of dismissal.

### I. APPEALABILITY

Initially we must consider defendant's contention that this appeal should be dismissed.

Donald Mills, a San Francisco Municipal Railway bus driver, was stabbed to death in December 1988. Defendant, who is Mills's stepson, was charged with the murder. When the case was called for trial, defendant moved to suppress statements he made to police on more than one occasion about the crime, urging that his invocation of his *Miranda* rights had been ignored and that his statements were involuntary. The facts underlying defendant's motion are not pertinent to whether the People's appeal should be dismissed and need not be summarized here; instead, those facts are set forth in that portion of this opinion discussing the merits of the trial court's ruling, which has not been certified for publication. Suffice it to say here that an evidentiary hearing pursuant to Evidence Code section 402 was held, at which several police officers testified. The court granted defendant's motion and suppressed all of his statements, as well as a polygraph examination. Later, after the parties stipulated that the court had been informed of all other evidence available to the prosecution, the case was dismissed in the interest of justice pursuant to section 1385, based on the prosecution's inability to sustain its burden of proof. This appeal by the People followed.

Relying primarily on *People* v. *Campa* (1984) 36 Cal.3d 870 [206 Cal.Rptr. 114, 686 P.2d 634], defendant argues that the appeal should be dismissed. Defendant reasons that appellate review of the court's order in this case would be inconsistent with the general rule that pretrial

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

evidentiary rulings are nonappealable because a ruling on such a motion is not binding and can be reconsidered at trial. (See, e.g., *People* v. *Edelbacher* (1989) 47 Cal.3d 983, 1005 [254 Cal.Rptr. 586, 766 P.2d 1].)

We disagree. ■ First, we note that although ordinarily trial court rulings on the admissibility of confessions are not reviewable pretrial, that general principle is not without exception. When physical evidence seized as a result of an unlawfully obtained admission or confession has been suppressed at a section 1538.5 hearing, pretrial appellate review of the admissibility of the physical evidence necessarily requires a determination of the correctness of the trial court's *Miranda* ruling. (*Green* v. *Superior Court* (1985) 40 Cal.3d 126, 133, fn. 3 [219 Cal.Rptr. 186, 707 P.2d 248]; *People* v. *Superior Court* (*Zolnay*) (1975) 15 Cal.3d 729, 735 [125 Cal.Rptr. 798, 542 P.2d 1390]; see *People* v. *Mattson* (1990) 50 Cal.3d 826, 850-851 [268 Cal.Rptr. 802, 789 P.2d 983].)

■ The circumstances in this case present another exception to the principle that a ruling on the admissibility of a confession is usually not subject to pretrial appellate review. Section 1238, subdivision (a)(8), authorizes an appeal by the People from "[a]n order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy . . . ." When the trial court grants a defendant's pretrial common law motion to suppress evidence and dismisses the action pursuant to section 1385 based on the People's inability to proceed without that evidence, the order or judgment of dismissal is appealable pursuant to section 1238, subdivision (a)(8); in that appeal, the reviewing court will necessarily consider the merits of the evidentiary ruling. (See, e.g., *People* v. *Yarbrough* (1991) 227 Cal.App.3d 1650 [278 Cal.Rptr. 703] [appeal from dismissal after pretrial suppression of identification testimony on several grounds]; *People* v. *Angeles* (1985) 172 Cal.App.3d 1203, 1209-1211 [218 Cal.Rptr. 756] [appeal from dismissal after defendant's custodial statements suppressed because of police failure to preserve original notes of custodial interview with defendant]; *People* v. *Mills* (1985) 164 Cal. App.3d 652 [210 Cal.Rptr. 669] [appeal from dismissal after suppression of intoxilyzer breath test results on due process grounds]; *People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 181-185 [114 Cal.Rptr. 815] [appeal from dismissal after pretrial suppression of eyewitness identification because of failure to preserve photos used in photographic lineup]; see also *People* v. *Bradley* (1984) 159 Cal.App.3d 399, 404, fns. 1 & 2 [205 Cal.Rptr. 485] [appeal from dismissal ordered as sanction on prosecution for failure to preserve evidence]; *People* v. *Harris* (1976) 62 Cal.App.3d 859, 861-862 [133 Cal.Rptr. 352] [appeal from dismissal as sanction for negligent failure to preserve evidence]; *People* v. *Alvarado* (1986) 181 Cal.App.3d Supp. 1, 3 [226

Cal.Rptr. 329] [appeal pursuant to § 1466, subd. (a)(1), from dismissal after suppression of breath test results].)[2]

As in these cases, here the People were clearly entitled to appeal from the order dismissing the action; that right would have little meaning if this court could not review the ruling underlying the dismissal. (See *People* v. *Dewberry, supra,* 40 Cal.App.3d at p. 182.)

Defendant's reliance on *People* v. *Campa, supra,* 36 Cal. 3d 870, is misplaced. In *Campa,* after a section 1538.5 hearing, defendant's statement was suppressed as the product of an illegal arrest; the court also suppressed the statement on *Miranda* grounds. The People conceded they had no other evidence; the action was dismissed; the People appealed. Because the Supreme Court concluded that the section 1538.5 ruling was correct, it did not reach the *Miranda* issue. It also noted that the scope of its review was limited to the correctness of the section 1538.5 ruling because the People's appeal was taken under section 1238, subdivision (a)(7), which by its terms is limited to dismissals based on statutory suppression motions. The court did comment in dictum that common law pretrial motions raising *Miranda* issues are ordinarily not reviewable pretrial. However, the court was not confronted with the procedural context presented by the present appeal, in which a *Miranda* ruling alone resulted in dismissal of the case, and in which the People appealed under section 1238, subdivision (a)(8). *Campa* does not support the proposition that the judgment of dismissal in this case is nonappealable. (*People* v. *Ceballos* (1974) 12 Cal.3d 470, 481 [116 Cal.Rptr. 233, 526 P.2d 241] [cases not authority for propositions not there considered and decided].)

## II.   ADMISSIBILITY OF DEFENDANT'S STATEMENTS*

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

## III.   DISPOSITION

In that portion of our opinion not certified for publication, we have concluded that the trial court erred when it granted defendant's motion to supress his statements and dismissed the action. Defendant was not in

---

[2] To the extent that *People* v. *Rawlings* (1974) 42 Cal. App.3d 952 [117 Cal.Rptr. 651] is inconsistent with the foregoing authority, we disagree with its reasoning. We are not alone in that view. As Division Four of this court has recently explained, the *Rawlings* court confused reviewability with appealability, and its flawed analysis on that point has not generated a following. (*People* v. *Yarbrough, supra,* 227 Cal.App.3d at p. 1654.)

* See footnote, *ante,* page 1417.

custody during his initial police interview; therefore *Miranda* warnings were not required. More importantly, whether that first interview developed into a custodial interrogation is of no significance. Defendant's subsequent confession, given after about two weeks during which he remained at liberty in the community, was immediately preceded by a valid waiver of his *Miranda* rights and was voluntary. Therefore that statement should not have been suppressed; the action should not have been dismissed.

The order of dismissal is reversed.

Merrill, Acting P. J., and Chin, J., concurred.

Respondent's petition for review by the Supreme Court was denied June 19, 1991.