[No. F022080. Fifth Dist. July 31, 1995.]

In re RICARDO C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
RICARDO C., Defendant and Respondent.

[No. F022079. Fifth Dist. July 31, 1995.]

In re BENJAMIN P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Appellant, v.
BENJAMIN P., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

432

## COUNSEL

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Shirley A. Nelson and Dawn T. Bladet, Deputy Attorneys General, for Plaintiff and Appellant.

Monica Lynch, under appointment by the Court of Appeal, for Defendant and Respondent Ricardo C.

No appearance for Defendant and Respondent Benjamin P.

## OPINION

REED, J.*—Welfare and Institutions Code section 602[1] petitions were filed against Benjamin P. and Ricardo C., respondents, charging each of them with the felony of willingly setting fire to and burning a structure, Citrus Middle School.[2] In addition, each was charged with misdemeanor malicious destruction of personal property. The trial court granted their motions to suppress their statements and, after the People stated they were unable to proceed in light of the court's ruling, the court dismissed the cases. The People appeal, claiming the granting of the suppression motions is reviewable on appeal and asserting that the trial court erred in granting the suppression motions.[3] In the published portion of this opinion we find the People have a right to appeal the trial court's decision. In the unpublished portion of this opinion we find the trial court erred in granting the suppression motion because Benjamin P. and Ricardo C. did not have standing. We reverse.

### STATEMENT OF THE FACTS

Caesar C. was questioned regarding his involvement in a fire at the Citrus Middle School. He gave a statement implicating Benjamin P. and Ricardo C.

---

*Judge of the Tulare Municipal Court sitting under assignment by the Chairperson of the Judicial Council.

[1] Further statutory references are to the Welfare and Institutions Code unless otherwise noted.

[2] Benjamin P. failed to file a respondent's brief. His appeal is being treated under California Rules of Court, rule 17.

[3] This court consolidated the two appeals.

Benjamin and Ricardo were questioned shortly thereafter and they admitted participation in setting the fire.

Caesar made a motion to suppress all statements made by him during two interviews on January 26, 1994. Benjamin and Ricardo were allowed to join in this motion. The trial court granted the motion on two grounds. As the primary basis, the trial court found the *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) warnings given to Caesar were defective. As a second basis, the trial court found that Caesar was not treated fairly and was taken advantage of in order to obtain his confession.

Benjamin and Ricardo made a motion to exclude their statements under the doctrine of fruit of the poisonous tree solely because their statements were obtained as a result of Caesar's illegally obtained statement. Benjamin and Ricardo did not challenge the admission of their statements based on a constitutional violation personal to them. The trial court granted the motions, finding that Benjamin's and Ricardo's statements "follow[ed] the doctrine of the poison tree, and they were made almost immediately after the statements were made by Ceasar [*sic*]."

The trial court asked the People for an assessment of their case in light of the motion. The district attorney asked that the matter be set for a trial confirmation date and said he would make an assessment of the case at that time. The district attorney filed a motion to reconsider. The motion was denied at the trial confirmation hearing on July 21, 1994. The People stated that in light of the trial court's ruling they could not proceed. The trial court dismissed the petitions.

## I.

### *Appealability of Order*

Subdivision (b) of section 800 governs appeals by the People in section 601 and 602 proceedings. It provides in pertinent part:

"(b) An appeal may be taken by the people from any of the following:

"(1) A ruling on a motion to suppress pursuant to Section 700.1 even if the judgment is a dismissal of the petition or any count or counts of the petition. However, no appeal by the people shall lie as to any count which, if the people are successful, will be the basis for further proceedings subjecting any person to double jeopardy.

"   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(4) An order or judgment dismissing or otherwise terminating the action before the minor has been placed in jeopardy, or where the minor has waived jeopardy. If, pursuant to this paragraph, the people prosecute an appeal of the decision or any review of that decision, it shall be binding upon the people and they shall be prohibited from refiling the case which was appealed."

■ The People's notice of appeal states that they are appealing from the court's order of July 21, 1994, granting the motion to suppress and specifies section 800, subdivision (b)(1) as authority for their right to appeal. However, the People's opening brief states they are challenging the ruling on the motion to suppress and subsequent dismissal and they cite section 800, subdivision (b)(4) as their authority to appeal the dismissal order. The People first contend that they have a right to appeal in such a situation.

Although section 800, subdivision (b)(1) provides that the People may appeal from a ruling on a motion to suppress even if the judgment is a dismissal of the petition, the underlying suppression motion must be pursuant to section 700.1. Section 700.1 applies to motions to suppress evidence obtained as the result of an unlawful search or seizure. The counterpart to section 700.1 for adults is Penal Code section 1538.5.

■ Unless a confession is the product of an unlawful search and seizure, or physical evidence was discovered as a result of an unlawful confession, Penal Code section 1538.5 cannot be used to suppress a confession on the grounds that it is a product of Fifth and/or Sixth Amendment violations. (*People* v. *Superior Court* (*Zolnay*) (1975) 15 Cal.3d 729, 733-734 [125 Cal.Rptr. 798, 542 P.2d 1390]; *People* v. *Mattson* (1990) 50 Cal.3d 826, 850-851 [268 Cal.Rptr. 802, 789 P.2d 983].)

■ As such, this appeal is not properly before us based on section 800, subdivision (b)(1) because the motion to suppress was not based on an unlawful search or seizure. Although the People's notice of appeal cites only section 800, subdivision (b)(1) as the basis for their right to appeal, Benjamin and Ricardo have not objected to the improper form of the notice of appeal. We therefore decline to rule that the appeal is not properly before this court merely because the People set forth the wrong subdivision in their notice of appeal.

The People assert they have the right to appeal from the dismissal order pursuant to section 800, subdivision (b)(4). We agree. As previously set

forth, subdivision (b)(4) provides that the People may appeal from, "An order or judgment dismissing or otherwise terminating the action before the minor has been placed in jeopardy."

Section 800 was amended in 1991 to set forth the People's right to appeal in juvenile matters. The Legislative Counsel's Digest of Senate Bill No. 1137 (1991-1992 Reg. Sess.) provides in part:

"Existing statutory law provides that a judgment in a proceeding under the jurisdiction of the juvenile court by which a minor may be adjudged to be a ward of the court on the basis of criminal or noncriminal conduct may be appealed from in the same manner as any final judgment, and any subsequent order may be appealed from as from an order after judgment. However, case law has interpreted this provision as not authorizing appeals by the people from judgments or orders entered after judgments except as provided by statute as to rulings on motions to suppress evidence. (People v. Superior Court (Arthur R.), 199 Cal.App.3d 494 [244 Cal.Rptr. 841]).

"This bill would expressly provide that the judgments described in the above provision may only be appealed from by the minor, but would authorize the people to appeal court rulings with respect to a motion to suppress evidence, orders made after judgment changing or modifying a previous order as to physical disposition of a minor, an order modifying a jurisdictional finding, *an order or judgment of dismissal or termination of the action before the minor has been placed in jeopardy or where the minor has waived jeopardy*, and the imposition of an unlawful order at a dispositional hearing. However, these provisions would not authorize the people to appeal an order granting probation, but would authorize the people to seek appellate review thereof by writ of mandate or prohibition." (Italics added.)

When the Legislature enacted section 800, subdivision (b)(4), it clearly intended to authorize the People's appeal from a dismissal order or judgment.

Ricardo characterizes the People's appeal as being from a pretrial evidentiary ruling and argues that the People may not appeal pretrial evidentiary rulings. Ricardo relies on *People v. Rawlings* (1974) 42 Cal.App.3d 952 [117 Cal.Rptr. 651] to support his position.

In *People v. Rawlings, supra*, 42 Cal.App.3d 952 the prosecution was unable to proceed to trial following an adverse pretrial ruling on a motion to suppress the result of a gas chromatography test. The case was dismissed and the People appealed. The appellate court held that the trial court did not have jurisdiction to suppress the test results because suppression was not based on a violation of the defendant's constitutional rights. The court reasoned that

since the trial court's ruling was invalid, the People were not bound by it and should have proceeded to trial and attempted to convince the trial judge that the ruling was incorrect. Ultimately, the court held that the trial court's pretrial ruling on an evidentiary issue was not appealable.

*Rawlings* has not been followed on the above point of law. "The flaw in *Rawlings* is that it is confusing reviewability with appealability. By its very terms, [Penal Code] section 1238, subdivision (a)(8) authorizes the People to appeal from a section 1385 dismissal entered prior to the attachment of jeopardy. The cases on this point are legion. [Citations.] Appealability does not hinge on what preceded the section 1385 dismissal." (*People* v. *Yarbrough* (1991) 227 Cal.App.3d 1650, 1654 [278 Cal.Rptr. 703]; see also *People* v. *Gazali* (1991) 228 Cal.App.3d 1417, 1421 [279 Cal.Rptr. 547].)[4]

The People are appealing from the order of dismissal. It simply makes no sense for the People to have the right to appeal a dismissal without having the right to challenge the reasons for the dismissal. Indeed, if a court sets forth sufficient reasons for its dismissal order, the order should stand. Conversely, if the dismissal order is based on insufficient reasons, such as an incorrect evidentiary ruling, the order dismissing the case should fall.

It is also clear that the Legislature intended that the People have the right to attack dismissal orders premised on evidentiary rulings made prior to the attachment of jeopardy. Although *Rawlings* was decided *before* section 800, subdivision (b)(4) was enacted, it was the sole authority expressing such a view. Numerous cases prior to and after *Rawlings* reached a result contrary to that reached in *Rawlings*. ■ The Legislature is presumed to have knowledge of existing decisions and is presumed to have amended statutes in light of such decisions. (*In re Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) ■ We assume the Legislature followed the bulk of the law which was contrary to *Rawlings*. The Legislature could have followed *Rawlings* and specifically excepted dismissals premised on evidentiary pretrial rulings when it enacted the section in 1991. It chose not to do so.

Furthermore, a primary reason for restricting the People's right to appeal is the hardship placed upon the defendant by the delay. (*People* v. *Dewberry* (1974) 40 Cal.App.3d 175, 183 [114 Cal.Rptr. 815].) By appealing the court's dismissal order, the People are foregoing their right to refile the action. This forced election of remedies protects Benjamin and Ricardo from suffering undue delay.

---

[4]Section 800, subdivision (b)(4) is the juvenile counterpart to Penal Code section 1238, subdivision (a)(8).

Since the juvenile court here ordered that the case be dismissed and Benjamin and Ricardo had not yet been placed in jeopardy, the People have the right to appeal the dismissal order and ask this court to examine the sufficiency of the reasons for the dismissal.

## II.

### *Standing*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The order of the juvenile court dismissing the case against Benjamin and Ricardo is reversed and the matter is remanded to the juvenile court for further proceedings not inconsistent with this opinion.

Ardaiz, P. J., and Thaxter, J., concurred.

---

\*See footnote, *ante*, page 431.