**John Arthur BUDD, et al., Plaintiffs–Appellants,**

v.

**CITY OF SANTA MARIA, a municipal corporation, et al., Defendants–Appellees.**

**No. 06–55885.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2008.*

Filed Feb. 13, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Frank A. Weiser, Esq., Los Angeles, CA, for Plaintiff–Appellant.

Richard R. Terzian, Esq., Bannan, Green, Frank & Terzian, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: GRABER and BERZON, Circuit Judges, and WILKEN,** District Judge.

### MEMORANDUM ***

John Arthur Budd, Mary Ann Hunt and Budd acting as general partner of the Mary Ann Hunt Family Limited Partnership (Hunt FLP) appeal the district court's dismissal of their second amended complaint against the City of Santa Maria and various city officials. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1343, and we affirm the dismissal.

■ Appellants first contend that the district court erred when it dismissed with prejudice Budd's civil rights claim based on malicious prosecution, finding that it was barred by the statute of limitations because it was filed more than two years after the state court dismissed the criminal charges against him. Budd argues his complaint is timely because the statute of limitations should have been tolled for thirty days based on the amount of time allowed for appeal of the dismissal. However, the prosecution moved for dismissal of the charges. Under California law, the prosecution may not appeal from an order dismissing charges when the order is made upon the prosecution's motion. *People v. Deltoro,* 214 Cal.App.3d 1417, 263 Cal. Rptr. 305, 307 (1989); *People v. Rawlings,* 42 Cal.App.3d 952, 117 Cal.Rptr. 651, 655– 56 (1974), *overruled on other grounds by People v. Chacon,* 40 Cal.4th 558, 53 Cal.

** The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Rptr.3d 876, 150 P.3d 755, 759 (2007). Further, there would be no grounds upon which Budd could appeal the dismissal of the charges against him. Therefore, the statute of limitations is not tolled for thirty days following the dismissal of the charges.

Budd also suggests that the dismissal of the criminal charges against him was defective because the minute order does not state the reasons for the dismissal. He cites California Penal Code § 1385, which requires a statement of reasons to be set forth when charges are dismissed in the interest of justice. But, because the prosecutor moved to dismiss the charges, any procedural defects are to be treated as harmless error and so do not alter the legality of the dismissal. *See People v. Orin,* 13 Cal.3d 937, 120 Cal.Rptr. 65, 533 P.2d 193, 198 n. 10 (1975). In any event, Budd, as the defendant, may not use § 1385 as a "technical means to a coveted end." *People v. Romero,* 13 Cal.App.2d 667, 57 P.2d 557, 559 (1936).

In the alternative, Budd argues that his claims are saved from the time-bar under the continuing violation doctrine. However, plaintiffs in a 42 U.S.C. § 1983 case "may recover only for the overt acts ... that they specifically alleged to have occurred within the ... limitations period." *Gibson v. United States,* 781 F.2d 1334, 1340 (9th Cir.1986). The district court did not err in finding that these claims are time-barred.

Appellants next argue that the district court erroneously held that they did not have standing to pursue claims based on actions taken against the property after it was sold. Appellants first argue that they retained a "direct economic interest" in the property and the business located on it because the Hunt FLP holds a deed of trust secured by the property. Appellants also argue that the new owner of the prop-erty has failed to make some payments on the note securing the deed of trust. Neither Budd nor Hunt holds a security interest in the property. The Hunt FLP does, on account of the deed of trust it took back on the property, but Appellants provide no authority to support the conclusion that this gives it standing to assert claims based on the actions taken against the property. We conclude that it does not.

Appellants also argue that the second amended complaint contains specific allegations that Budd maintained a direct legal and beneficial interest in the property and the auto business on that property even after it was sold. This argument is based on allegations that (1) Budd was forced to continue to be involved in the daily operations of the business because Appellees refused to transfer the conditional use permit (CUP) from Budd's name to the purchaser's; (2) Budd was forced to maintain the business license for the auto business, A&L Service, even after the property was sold because of Appellees' refusal to transfer the CUP; and (3) Budd operated another separately licensed business on the property.

However, the documents that were the subject of Appellees' request for judicial notice filed with their motion to dismiss demonstrate that the CUP was transferred to the purchaser. Further, "a CUP is not a personal right of the permittee. Instead, it is a property right that runs with the land, not with the owner." *Malibu Mountains Recreation, Inc. v. County of L.A.,* 67 Cal.App.4th 359, 79 Cal.Rptr.2d 25, 29–31 (1999); *see also* Santa Maria Municipal Code § 12–35.208(b) ("all of the conditions [in a CUP] shall constitute restrictions running with the land and shall be binding upon the owner of the land, his successors or assigns").

■ Because Appellants' arguments regarding the CUP are factually and legally incorrect, they cannot support a finding that Budd has an interest in the property. Further, even if Budd held the CUP, neither the CUP nor the fact that Budd held licenses to operate businesses on the subject property gives him standing to assert constitutional claims based on actions taken against that property in the absence of allegations that the actions somehow impaired an interest in the CUP or the business licenses themselves. The district court did not err in ruling that Appellants lack standing to pursue claims based on actions taken against the property after it was sold.

Finally, Appellants argue that the district court erred in dismissing with prejudice their Fifth Amendment takings claims. However, the property was transferred from Budd to the Hunt FLP and sold to a third party on January 3, 2003. Therefore, any takings claim accrued on that date. The original complaint in this case was not filed until February 25, 2005, more than two years after the date of the sale. Appellants' takings claims are time-barred.

AFFIRMED.