*Supp. 3 Opinion
GATZERT, P. J.
The question before this court is whether the People are entitled to appeal an order granting a motion to suppress evidence where, prior to the filing of the appeal, the misdemeanor case was dismissed pursuant to Penal Code[1] section 1385 at the People’s request. We conclude that they are not.
PROCEDURAL BACKGROUND
In this misdemeanor case, a motion to suppress evidence under section 1538.5 was heard on May 27, 2008,[2] by the trial court, and continued for further briefing until June 13.
On June 13, the motion to suppress was granted. Counsel for Defendant then asked the trial court to dismiss the case. Instead of immediately ruling, the trial court continued the hearing on the request for dismissal. On June 16, the matter was heard by a different judge. Counsel for the People stated, “Your Honor, the People are, given the Court’s ruling last week, the People are unable to proceed. And we’re going to ask the Court to dismiss the action under 1385.”
The trial court granted the dismissal, stating: “Matter is dismissed on the People’s motion.” Counsel for the People then reiterated, “The People don’t have enough evidence to proceed, so the request was if the Court would dismiss the matter under Penal Code Section 1385.” The court ruled, “The matter dismissed under Penal Code Section 1385.”
The People filed a notice of appeal on June 27 identifying the June 13 order granting the motion to suppress evidence as the subject of their appeal. On August 12, Defendant filed a motion to dismiss the appeal for lack of appellate jurisdiction, as the People had dismissed the underlying case.
ISSUE PRESENTED
On appeal, the People assert that, while section 1538.5 authorizes them to appeal an adverse ruling in a motion to suppress evidence, it does not specify the procedural steps. The People interpret the law as precluding the People *Supp. 4 from appealing unless the case is first dismissed. Furthermore, the People cite section 1466, subdivision (1)(B), as authorizing appeal of an order dismissing a case. The People rely upon the case of People v. Bonds (1999) 70 Cal.App.4th 732 [83 Cal.Rptr.2d 10] (Bonds), as standing for the proposition that an appeal is not precluded where the trial court dismisses a case after the prosecution has announced its inability to go forward due to lack of evidence.
Defendant asserts that the People are barred from appealing a case that was dismissed under section 1385 at the People’s own request, citing to section 1238, subdivision (a)(7), and cases interpreting it. Defendant points out that the People did not exercise the opportunity to request a stay in proceedings to allow them to proceed with an appeal.
I. The ruling on the section 1538.5 motion was appealable without the dismissal.
The People claim that they are precluded from appealing an order granting a motion to suppress evidence unless they first obtain an order dismissing the case. We disagree.
Section 1538.5 provides that, in misdemeanor cases, an adverse ruling in a motion to suppress evidence may be appealed[3] by either party pretrial. “If the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for the return of property or the suppression of evidence in the superior court prior to trial, both the people and defendant shall have the right to appeal any decision of that court relating to that motion to the appellate division, in accordance with the California Rules of Court provisions governing appeals to the appellate division in criminal cases.” (§ 1538.5, subd. (j), italics added.)
Section 1466 provides additional authority for appealing certain judgments or orders in misdemeanor cases:
“An appeal may be taken from a judgment or order, in an infraction or misdemeanor case, to the appellate division of the superior court of the county in which the court from which the appeal is taken is located, in the following cases:
“(1) By the people: [¶] . . . [¶]
*Supp. 5 “(B) From an order or judgment dismissing or otherwise terminating all or any portion of the action, including such an order or judgment, entered after a verdict or finding of guilty or a verdict or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.”
Apparently believing that the grounds for appeal specified in section 1466 is an exhaustive list, the People argue that they must obtain an order dismissing the case before they can file their appeal. On the contrary, there is nothing in the language of section 1466 stating that it contains an exhaustive list of grounds for appeal, and nothing in the language of section 1538.5 that establishes dismissal as a prerequisite to an appeal in misdemeanor cases. Section 1238, subdivision (a)(7), upon which the People rely, applies only to felony cases.
The California Supreme Court noted that “[ijn misdemeanor cases, either the People or the defendant can appeal to the superior court. (§ 1538, subd. (j).)” (People v. Laiwa (1983) 34 Cal.3d 711, 717 [195 Cal.Rptr. 503, 669 P.2d 1278], superseded by statute on other grounds, as stated in People v. Trujillo (1990) 217 Cal.App.3d 1219, 1223 [266 Cal.Rptr. 473]; see also Adams v. Superior Court (1970) 8 Cal.App.3d 569, 571 [87 Cal.Rptr. 66].)
When a defendant’s motion to suppress evidence is granted, the trial court is obligated to stay the proceedings to a specified date pending the termination of appellate court proceedings. (§ 1538.5, subd. (/).) Thus, it was not necessary for the People to obtain a dismissal of the case in order to proceed on their appeal. The correct procedure instead would have been to obtain a stay of the proceedings.
II. The dismissal of the case at the People’s request is invited error that precludes the appeal.
Both parties have confused the felony and misdemeanor procedures for appeals of orders granting motions to suppress evidence. Section 1538.5 does not authorize an appeal[4] of such an order in a felony case. However, section 1238, subdivision (a)(7),[5] authorizes an appeal when a felony case is *Supp. 6 dismissed on the court’s own motion based on an order granting a motion to suppress evidence. The appeal is precluded if the dismissal was made on the People’s motion or at their request. (People v. Laiwa, supra, 34 Cal.3d at p. 721, citing People v. Caserta (1971) 14 Cal.App.3d 484, 486-488 [92 Cal.Rptr. 382].) If the People merely inform the court that they are unable to proceed following an order granting a motion to dismiss, the court’s own subsequent dismissal under section 1385 is an appealable order, but a review of the record should be made to determine whether the court had dismissed under its own motion in the furtherance of justice. (Bonds, supra, 70 Cal.App.4th at p. 740.)
In Bonds, at the pretrial conference on the felony charges at issue in that case, the prosecutor informed the trial court, “ ‘at this point in time, we’re not able to proceed based on the Court’s ruling on the motion to quash.’ ” (Bonds, supra, 70 Cal.App.4th at p. 740.) Defense counsel argued that the People were required to ask either for a continuance in order to seek writ review or for a dismissal on the People’s own motion. The trial court stated, “ T don’t hear a request for continuance or dismissal, so it seems to me on my own behalf since they’re announcing they’re not able to go forward, I will dismiss the case.’ ” (Ibid.)
The Bonds court held that the explicit statement by the trial court that the People had not moved for dismissal left it with the only remaining possibility: the dismissal was on the court’s own motion. (Bonds, supra, 70 Cal.App.4th at p. 740.)
Here, in contrast, the record unambiguously establishes that the case was dismissed at the People’s request. The People did more than merely inform the court that they were unable to proceed; rather, the People went one step further and made an affirmative request that the court dismiss the case. Thus, the case was not dismissed on the court’s own motion, and even if this had been a felony , case, an appeal would not lie.
The only remaining question is whether section 1466, subdivision (1)(B), which does not explicitly preclude an appeal of a dismissal order made at the People’s request, authorizes this appeal.
*Supp. 7 We note first that the People did not appeal the order dismissing the case, but instead appealed the order granting the motion to suppress evidence. Regardless, even if the People had appealed the order dismissing the case, we would deem the dismissal to be nonappealable invited error. (See People v. Caserta, supra, 14 Cal.App.3d at p. 487.)
The appeal is dismissed.
Weiner, J., and Novak, J., concurred.

 All further statutory references are to the Penal Code.

 All relevant events occurred in 2008, so the year is omitted from all further dates.

 Rather than requiring a writ petition.

 As distinct from writ review, authorized by section 1538.5, subdivision (i) (defendants), and subdivision (o) (the People).

 The relevant language is:
“An appeal may be taken by the people from any of the following: [¶] . . . [¶]
“(7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting the defendant’s motion to return or suppress property or evidence made at a special hearing as provided in this code.” (§ 1238, subd. (a)(7).)